219 A.2d 767.

STATE *vs.* EDWARD V. REARDON.

MAY 27, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

ROBERTS, C. J. The defendant is in this court prosecuting a bill of exceptions to the rulings and decisions of the trial justice, having been convicted by a jury in the superior court under an indictment charging him with a violation of a statutory obligation to keep and maintain records concerning his acquisition of certain narcotic drugs.

The record discloses that defendant, a registered pharmacist, owns and operates a pharmacy in the city of Pawtucket and that in the usual course of that business he acquires and dispenses certain barbiturates and central nervous system stimulants. Under the provisions of G. L. 1956, §21-29-8 (2), persons so dealing in such drugs are required, among other things, to "Retain each commercial or other record relating to barbiturates and/or central nervous system stimulants maintained by them in the usual course of their business or occupation, for not less than two (2) calendar years immediately following the date of such record." Section 21-29-3 makes unlawful certain acts or omissions with respect to such records, subsec. (g) thereof including in such unlawful omissions "The failure to keep records as required by §§21-29-8 and 21-29-9."

There is evidence that defendant during the period covered by the indictment purchased such drugs from a wholesale dealer therein on seven occasions. There is also uncontradicted evidence that such wholesaler, when filling orders for such drugs, usually executes an invoice therefor in duplicate and forwards the original invoice with the shipment to the pharmacist, retaining the duplicate copy for its file. In the instant case defendant, upon demand by inspectors of the state division of narcotics, produced for examination but two of these original invoices and was thereafter indicted under said §21-29-3 (g) for failing to keep or retain such original invoices as records required to be preserved under §21-29-8 (2). At his trial defendant was able to introduce into evidence six of the original invoices, reflecting these sales, but did not produce the seventh such original invoice and was thereafter convicted pursuant to the statute as above noted.

We will consider first defendant's contention that the trial justice erred in denying his motion to quash the first count of the indictment on the ground that he is charged

therein with a failure to *keep* the records described in the statute and thus it does not charge him with an offense where the statutory requirement is to *retain* such records. It is well settled that a motion to quash an indictment is addressed to the discretion of the trial court. *State* v. *Merritt,* 84 R. I. 313. After a careful examination of the circumstances here, we are unable to agree that the trial justice abused this discretion.

The legislature has provided statutory standards for the allegations of offenses in indictments. In §12-12-6 it is stated, in pertinent part, that an indictment will be valid and sufficient if it charges an offense in terms of the common law or of the statute defining the offense "or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged." The language of the instant indictment, in our opinion, charging, as it does, that this defendant did not *keep* records and identified by a proper citation to the statutory provision, gave notice to this defendant clearly that he was being charged with a violation of §21-29-3 (g) as it relates to §21-29-8 (2). This exception, therefore, is without merit.

. Neither do we agree that the trial justice erred in denying defendant's motion for a directed verdict. We are aware that the motion, in effect, raises a question as to whether in the state of the evidence the jury could have found that the invoice under consideration was ever received by him and, therefore, could have found that he had failed to *retain* such a record within the meaning of the statute. Whether the word "retain" as used in the statute was to be given so literal a construction as defendant thus argues we do not decide.

We are persuaded from an examination of the decision of the trial justice that in his opinion there was in the record evidence adduced through employees of the wholesaler

susceptible of a reasonable inference that it was the usual practice of the wholesaler to execute these invoices in duplicate and to send the original to the purchaser with the order, which procedure was followed in the instant case. What defendant is arguing, as we understand him, is that this inference, standing alone, is without probative force on the question of his receipt of this invoice and, absent some evidence corroborating his receipt of the invoice, his motion to direct should be granted. We are unable to agree.

It is settled that on a motion for a directed verdict in a criminal case the court must view the evidence in the light most favorable to the state and to draw therefrom such reasonable inferences as support the state's contentions. *State v. Hillman*, 84 R. I. 396. We are of the opinion that the evidence in the record relating to the wholesaler's practice as to the delivery of the invoice with the order purchased is susceptible of a reasonable inference that the invoice was received by defendant. In such circumstances it was not error to deny the motion to direct.

However, we are concerned with defendant's contention that the admission over his objection of testimony concerning an inventory of the drugs in his store taken by state inspectors was so prejudicial as to constitute reversible error. The evidence to which reference is made appears in the record in the form of a series of inquiries obviously intended to establish that the amount of the drugs on hand in the store and the amount used in the filling of recorded prescriptions was substantially less than the amount of such drugs delivered to defendant as reflected in the records of the wholesaler. We cannot agree with defendant's view that this evidence was utterly immaterial on the issue of his failure to comply with the statutory provisions for the retention of records. It is in some measure probative on that issue and for that reason would be admissible.

After several such inquiries were made, however, a final

inquiry was addressed to a witness, namely, one of the state narcotics inspectors. The inspector was asked whether at the time of taking the inventory of drugs in defendant's store he had engaged in any conversation with defendant concerning the taking of such inventory. The witness answered, over objection, that after the inventory of defendant's stock of drugs was completed they had a conversation, to which he testified as follows: "I asked him why he could only produce records that would account for approximately, either dispensing or having on hand, 1100 sodium seconals, and the fact that he only purchased 1000 for the year, when we had the records to show that he had purchased 4000 sodium seconals, and that he was approximately 2900 sodium seconals short that he could not account for, and he answered that he could not keep track of all the pills in this particular store; that all he would have to do to make up the shortage was to go down the street and buy a couple of bottles; and that we should come around more often and remind him when he is short of pills."

However material as to the pertinent issue the prior inquiries concerning the inventory might have been, there is a serious question as to the materiality of this inquiry, and the admission of the answer thereto raises the vexing problem of when in an appropriate exercise of judicial discretion a trial court should exclude from evidence testimony which, while it has some remote relevance or materiality, inherently tends to prejudice the jurors against the defendant. If we concede that the instant testimony was probative of defendant's procurement of seconal capsules in a number greatly in excess of that reflected by the invoices produced by him, as a practical matter there can be little doubt that it raised in the minds of the jury a serious question as to whether defendant was engaged in illegally dispensing such drugs, an offense with which he was not charged in the indictment.

The general rule is that the fact that evidence, otherwise relevant, is in its character prejudicial does not, standing alone, constitute a sufficient reason for its exclusion. *Fuller v. Fuller,* 107 Ga. App. 429. This court has long adhered to the view that objection to evidence based on its remoteness or its irrelevance is addressed to the sound judicial discretion of the court. *McSoley* v. *McSoley,* 91 R. I. 61. When the question of admissibility on the ground of remoteness or immateriality is combined with a question as to its inherent tendency to prejudice a party, the exercise of discretion by the trial court is put to a severe test. The scope of the discretion is stated aptly in *Shutka* v. *Pennsylvania R.R.,* 74 N. J. Super. 381, 405: "It is generally within the discretion of the court to exclude even relevant evidence when its probative value is clearly offset by its remoteness, the danger of undue prejudice, undue consumption of time, or possible confusion of issues." The concept that evidence, otherwise admissible, may give rise to reversible error on its admission in peculiar circumstances, such as the creation of undue prejudice, has been accepted in *Hackett* v. *Boston & Maine R.R.,* 89 N. H. 514.

In the case under consideration the court, in an exercise of its discretion, admitted the pertinent recital of the inspector over defendant's objection. On this exception, therefore, we are required to pass upon the question of whether such exercise of judicial discretion amounted to an abuse thereof. It must be conceded that a reviewing court ordinarily is reluctant to evaluate the prejudicial effect of the admission of such evidence, this being a function peculiarly within the fact-finding power of the trial court. It is true, however, that such an evaluation must be made by a reviewing court when the circumstances are such as to clearly raise the question of whether the trial court abused its discretion. In *Darling* v. *Charleston Community Memorial Hospital,* 50 Ill. App. 2d 253, the court noted that a review

of a trial court decision in these circumstances is a proper exercise of the appellate function and went on to state the guidelines for an exercise of such appellate power at page 321: "Evidence having a natural tendency to establish the facts in controversy should be admitted; competent evidence may not be excluded merely because it might arouse feelings of horror or indignation in the jury; questions as to the character of the evidence offered, and the manner and extent of its presentation, are largely within the discretion of the Trial Court, and the exercise of that discretion will not be interfered with unless there has been an abuse to the prejudice of the defendant * * *."

It requires but a cursory examination of the record in the instant case to disclose that there had been an abundance of evidence admitted to establish the inconsistency of the amount of drugs in the store as disclosed by the inventory with the amount delivered to defendant as reflected in the records of the wholesaler. It is equally clear, however, that the recital by the witness in the answer to the final inquiry was to attribute to defendant a statement from which it could be inferred that he stated that he could conceal the shortage of capsules in his store by going down the street and buying a couple of bottles of pills to make up the shortage. We are unable to escape the conclusion that this introduces clearly into this trial an inference that defendant was dealing illegally in these drugs, an offense with which he was not charged in the instant indictment.

In *Stoelting* v. *Hauck*, 32 N. J. 87, the court gave expression to the rule as we think it should be applied in an appropriate circumstance when it said at page 104: "* * * all relevant matter not barred by a specific rule of evidence should be considered by the jury unless its probative value is clearly outweighed by its tendency to divert the jury from their fair determination of the issues properly before them." Applying that test to the circumstances in this case

persuades us that the nature of the statement attributed to the defendant by the inspector was clearly of such a character as to divert the jury from the question of determining his guilt under the indictment returned by the grand jury. We cannot say in such circumstances that the jury was not prejudiced and that in the interest of justice a new trial is not warranted.

The defendant's exceptions to the evidentiary rulings are sustained, and the case is remitted to the superior court for a new trial on the indictment.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for State.

*Hogan & Hogan, Edward T. Hogan,* for defendant.