265 A.2d 324.

STATE *vs.* ALVIN GLASS.

MAY 6, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The defendant was indicted and tried for unlawfully selling "a narcotic drug, to wit, Heroin," in violation of G. L. 1956, §21-28-32, as amended by P. L. 1962, chap. 110, sec. 1. He was found guilty by a jury in the Superior Court. After his motion for a new trial was denied, he brought his bill of exceptions to this court.

On March 30, 1967, Malcolm T. Brown, a member of the Providence Police Department, was serving as a narcotic inspector with the department's C-Squad. On that day, while working as an undercover agent, he arranged, with the assistance of an informer, to meet the defendant at a certain location in the City of Providence at about 9:15 to 9:30 p.m. When the defendant arrived there, Officer Brown entered the back seat of the automobile which the defendant was driving and asked him if he had

the bags. The defendant replied that he did, and, after being told by Officer Brown that he had the money, defendant handed Officer Brown ten glassine bags, and the officer handed defendant $200 in cash. Then Officer Brown arrested defendant at gunpoint, identified himself as a police officer, and took back the $200.

Officer Brown and another officer, Sergeant Edward J. Pennine, who also appeared at the scene, returned to the police station with defendant; Officer Brown administered a so-called Marquis test on the contents of one of the ten glassine bags to determine if the contents contained a narcotic drug; then Officers Brown and Pennine marked the ten bags for identification and placed them in a desk to which only Officers Brown and Pennine had the key. The next day, the ten bags were delivered by Officer Pennine to the office of the state toxicologist where tests were made upon the contents of one of the ten glassine bags. The contents of this packet were determined to contain heroin.

At the trial, all ten glassine bags were admitted in evidence as a full exhibit over defendant's objection. The undisputed evidence is that only one packet was tested. The state's toxicologist identified the packet which was tested, but frankly admitted that he had no idea what was in the other nine packets. The defendant thereupon moved that the nine packets be excluded from the evidence and that only the packet whose contents had been tested be allowed in evidence. The trial justice denied defendant's motion because "of other evidence in the case * * * which associates these packets with the packet which was tested * * *."

The case is before us on defendant's bill of exceptions, which consists of 66 separate exceptions. However, de-

fendant has briefed and argued only two of his exceptions, namely Exceptions 23[1] and 24.[2]

In accordance with a well-established practice, we consider only those exceptions which defendant has briefed and argued. *State* v. *Wright,* 105 R. I. 556, 253 A.2d 593; *State* v. *Quattrocchi,* 103 R. I. 115, 235 A.2d 99.

Exceptions 23 and 24 raise the same question, namely, whether the admission in evidence of the nine glassine bags whose contents had not been tested constituted prejudicial error. For the reasons which follow, we find no prejudicial error.

In his charge the trial justice instructed the jury:

" * * * the State must prove under this charge, beyond a reasonable doubt, the following elements: (1) that this defendant, (2) made a sale, (3) of a narcotic drug, namely, heroin, to Malcolm Brown. These are the elements which the State must prove beyond a reasonable doubt, and each and every one of these elements must be so proven."

The defendant took no exception to this portion of the charge, and those instructions therefore became the law of the case.

The trial justice also instructed the jury that the quantity of heroin was immaterial and that, with regard to the nine packets which had not been tested, they could not draw any inference as to what the contents of such packets were.

The defendant took an exception to that portion of the charge where the court charged the jury that the quantity of heroin sold is immaterial.

---

[1]Exception 23 relates to the trial justice's ruling which overrules defendant's objection to the admission of state's exhibit No. 1, an envelope containing the ten glassine bags.

[2]Exception 24 relates to the trial justice's ruling which denied defendant's motion to exclude the nine untested packets from the evidence.

The indictment charges, insofar as pertinent here, that on March 30, 1967, defendant " * * * did unlawfully sell * * * and deliver a narcotic drug, to wit, Heroin, in violation of Title 21, Chapter 28, Section 32, of the General Laws of Rhode Island, 1956, as amended." It does not specify any quantity and, therefore, proof of sale of heroin in any quantity would support the charge. There is evidence in this record that one packet did contain heroin. In fact, in his argument on his motion to dismiss, defendant conceded that the state had proven that one bag containing heroin was sold.

The thrust of defendant's argument is that the admission of the nine untested glassine bags in evidence prejudiced his case.

Since proof of sale of one packet of heroin was sufficient to support the indictment, we fail to see any merit in defendant's argument that the admission of the nine untested packets prejudiced his case, especially in view of the trial justice's instructions to the jury that they should not draw any inference as to what the nine untested packets contained. Error, if any, in the admission of evidence is harmless where the accused is not prejudiced thereby. *State* v. *Kieon*, 93 R. I. 290, 296, 175 A.2d 284, 288.

Even were we to accept defendant's argument that he was prejudiced by the admission of the nine packets, the result in this case would be the same. The determination as to whether the nine packets were part of the res gestae is within the sound discretion of the trial justice. *State* v. *Nordstrom*, 104 R. I. 471, 476, 244 A.2d 837, 840. Since these packets were taken at the time of the offense with which defendant was charged, we cannot say that such discretion was abused. See *United States* v. *Gulley*, 374 F.2d 55, 58 (6th Cir. 1967), and *United States* v. *Freeman*, 203 F.2d 387, 389 (7th Cir. 1953). See also 1 Wharton, *Criminal Evidence* (12th Ed.), §279, at 627, and 22 A C.J.S.

*Criminal Law* §662(1) n.2.1, at 668. Matters determined to be part of the res gestae are not admissible in evidence if they are irrelevant. *State* v. *Massey,* 32 N. M. 500, 258 P. 1009, and *Heidingsfelder* v. *State,* 128 Tex. Crim. 351, 81 S.W.2d 510. The determination of the relevancy of evidence is also within the trial justice's sound discretion. *State* v. *Reardon,* 101 R. I. 18, 24, 219 A.2d 767, 771. On the record before us we cannot say that he abused this discretion. The fact that evidence otherwise relevant is in its character prejudicial does not, standing alone, constitute a sufficient cause for its exclusion, unless the prejudice overrides the relevancy. See *State* v. *Reardon, supra.* We do not believe that prejudice here, if any, in the admission of the nine untested packets overcame their relevancy.

The defendant's brief contains a lengthy quotation from an argument he made on his motion to dismiss in the Superior Court. We feel that it will be helpful to briefly answer two issues which he presents therein.

We find no merit to his first point that the admission of the nine packets may make him liable to further prosecution if any of them are found to contain heroin, thus subjecting him to double jeopardy.

The second point stems from the state's reply in its bill of particulars to the following request propounded in defendant's motion for a bill of particulars:

> "5. State the exact amount by weight of the narcotic drug which was allegedly sold, furnished, given away or delivered."

It appears from the following statement by defendant's counsel on the motion to dismiss, quoted in his brief, that the state could not comply with his request. He said:

> "Ten glassine bags is not in the indictment, but by way of bill of particulars, when I asked the exact weight * * *. In answer thereto, the State has said, 'Ten (10) glassine bags.' I think this becomes a

part of their case, saying ten bags of heroin were sold. Then in proving their case they have proved that one bag containing heroin was sold, rather than ten."

We do not agree with defendant's argument that because of the state's reply of "Ten (10) glassine bags" it became incumbent upon the state to prove the sale of ten glassine bags containing heroin. The indictment, as we have already stated, charges the sale of "a narcotic drug, to wit, Heroin." It does not charge the defendant with the sale of ten packets of heroin. The bill of particulars does not become part of the indictment, and the prosecution remains a prosecution upon the indictment. See 4 Wharton, *Criminal Law and Procedure*, §1870. See generally 41 Am. Jur.2d, *Indictments and Informations*, §§163-165. The state's reply restricts it in that it cannot prove that defendant sold more than ten glassine packets, but it does not prohibit the state from proving that the defendant sold less, as it admittedly has done.

The defendant's exceptions are overruled, and the case is remitted to the Superior Court for further proceedings.

*Herbert F. DeSimone*, Attorney General, *Scott K. Keefer*, Special Assistant Attorney General, *Donald P. Ryan*, Assistant Attorney General, for plaintiff.

*James Cardono*, Public Defender, *William F. Reilly*, Assistant Public Defender, for defendant.