300 A.2d 472.

STATE *vs.* JUVENAL J. REZENDES.

FEBRUARY 19, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an indictment charging the defendant with possession of a burglary tool, to wit, a tire iron. The case was tried to a justice of the Superior Court sitting with a jury which returned a verdict of guilty as charged in the indictment. The defendant's motion for a

new trial was subsequently denied by the Superior Court, and he is now in this court prosecuting a bill of exceptions.

It appears from uncontradicted testimony that at approximately 9:20 on the evening of July 21, 1969, the Providence Police Department received a call to the effect that somebody was "breaking in" a market located at the corner of Cranston and Superior Streets. Patrolman Mark Donley, one of the arresting officers, testified that thereupon he and his partner, Patrolman Thomas E. Keune, proceeded to the location of the market. Donley was operating an unmarked police car that he drove into a parking area at the rear of the store. He further testified that as they turned into the parking lot, the lights of the police car were on high beam and that a bright light was suspended above the rear door of the store. At this time he observed defendant and a juvenile standing close to the back door of the market. As the car entered the lot, he observed defendant drop a tire iron as he and the juvenile turned to run. They were taken into custody after a short pursuit.

Donley further testified that, after capturing defendant, he placed him in the rear seat of the police car and then retrieved the tire iron from where it had been thrown by defendant, which was about 6 to 10 feet from the rear door of the store. The testimony of Patrolman Keune corroborated the testimony of Patrolman Donley, particularly in the fact that defendant, when first observed, was standing close to the rear door of the market under the overhead light and that, upon seeing the car coming into the parking lot, he threw the tire iron to the ground as he started to run.

While under direct examination Frank R. Andreozzi, the proprietor of the market and the parking lot, was queried concerning the physical characteristics of the parking area immediately behind the store. He answered: "Where the

back door is it's about fifteen feet in, because in here there is a walk-in freezer on the corner of the store so the door has to be at least fifteen feet in from the corner. Here there is plenty of room to see the back of the door from here. There is nothing obstructing the view. There was one car in the parking lot, and it was here. I have these spaces rented also, but we try to keep as much of this clear as possible because we had quite a bit of trouble in the neighborhood."

The defendant moved immediately to strike that answer, which motion was denied. The court said it would let the answer stand because "[i]t doesn't pertain to this defendant. That testimony has no bearing with respect to this particular defendant. I'll let it stand because it's part of the complete answer. Your exception is noted." In this court defendant contends that it was error to deny the motion to strike the testimony referring to trouble in the neighborhood, first, as irrelevant and, second, as being so prejudicial that it denied defendant his right to a fair and impartial trial.

The admission of testimony objected to as immaterial or irrelevant rests in the sound discretion of the trial justice. *State* v. *Glass,* 107 R. I. 86, 265 A.2d 324 (1970). In the first place, the motion to strike made no reference to the particular part of the testimony to which it was directed. It is only in this court that defendant directs attention to the phrase "trouble in the neighborhood" and contends that it was without relevance or materiality on the issue of defendant's possession of burglary tools, the offense for which he was indicted. Ordinarily such a failure to specify the ground upon which the motion is based would cause us to overrule the exception. We assume, however, from the tenor of the language used by the trial justice in denying the motion, that he understood that it referred to the

phrase "trouble in the neighborhood." Therefore, we will consider the question further.

Obviously, the testimony sought and adduced by the question would tend to sustain the testimony of the police witnesses identifying defendant as the man they observed discarding the tire iron in the parking area behind the store. That this is entirely relevant on the issue of defendant's guilt of the possession of burglary tools is clear. However, the witness's use of the phrase "trouble in the neighborhood" may imply that defendant had participated in other criminal conduct in the neighborhood. We must question whether retention in evidence of this phrase diverted the jury's attention from the issue of defendant's guilt of the offense with which he was charged.

In *State* v. *Reardon,* 101 R. I. 18, 219 A.2d 767 (1966), we noted that vexing problems frequently arise from the question of whether the court exercised its sound judicial discretion in retaining evidence in the record that had been objected to on the grounds of its lack of relevance and materiality. The problem raised, of course, was whether such evidence would be sufficient to so prejudice jurors against the defendant that they could not give him a fair and impartial trial. In *Reardon* we said that any relevant testimony not barred by some specific rule of evidence should be given to the jury for its consideration unless it is clear that the probative force thereof is outweighed by its tendency to divert the jury from a fair consideration of the guilt of the defendant with respect to the offense with which he is charged. *Id.* at 25, 219 A.2d at 772.

In the instant case, we are not persuaded that the reference to "trouble in the neighborhood" generated prejudice to defendant sufficient to outweigh the probative force of the testimony identifying defendant as the man who discarded the tire iron behind the store. That identification of defendant by the police witnesses constituted an essen-

tial link in the proof of his guilt of the offense charged. However, the credibility of the police witnesses' testimony as to the identity of defendant depends largely on the store owner's testimony concerning existing characteristics and conditions of the parking area. Those conditions obviously affect the ability of the police to make the observations necessary for identification. It is our conclusion, then, that the police testimony identifying defendant had substantial probative value, and we cannot agree that the retention in evidence of the reference to "trouble in the neighborhood" was so prejudicial that it outweighed the probative value of the testimony of the store owner. In the circumstances, we are unable to conclude that the denial of defendant's motion to strike constituted an abuse of discretion on the part of the trial justice.

The defendant contends also that it was error to deny his motion for a mistrial. After both sides had rested, defense counsel and the prosecutor summed up for the jury. At that point, the motion to declare a mistrial was made by defendant. He argued, and the record discloses, that the prosecutor in his summation to the jury had said that the defendant was unaware "* * * that these policemen in this car were responding to a complaint, * * * that's why they were there."

As we understand defendant, he is now urging that by using the word "complaint" in his summation to the jury, the jurors were misled into believing that defendant was apprehended while engaged in breaking and entering into the market. This, he contends, so confused the jury as to the real issue before it that defendant was deprived of a fair and impartial trial. Obviously, he is contending that the word "complaint" in this context was inherently prejudicial. With this we cannot agree. To buttress his position, defendant referred to the testimony given by Patrolman Donley at the opening of the trial. The patrolman had been

asked whether, before he went to the market, he had received any kind of order from a superior. Patrolman Donley testified: "Approximately 9:20 p.m. we received a call. Someone breaking in Gemma's Market."

The defendant clearly is asking us to accept the theory that the cumulative effect of the testimony of the patrolman and the statement of the prosecutor was to generate a confusion in the minds of the jury as to the real issue on trial. By directing its attention to the offense of breaking and entering, an offense with which defendant is not charged in the indictment, the prosecutor misled the jury. This argument, in our opinion, fails to recognize the significance of the fact that immediately after Patrolman Donley testified using the word "breaking," the court ordered the answer stricken and instructed the jury to disregard the reference by the patrolman to a break. There is nothing in the record that persuades us that the jury did not follow the instruction so given it by the court.

This argument concerning the cumulative effect of the testimony and the summation also overlooks the fact that the court, in denying the motion to declare a mistrial, assured defendant that in his charge he would clarify the situation by informing the jury that there was no evidence in the case that there had been a break in the market on the night in question. This he did and further charged that the question of a break was not in issue. We cannot say that this instruction did not in and of itself cure any prejudice that might have developed from the use of the words "breaking" and "complaint" in the evidence. The court did not err in denying the motion to declare a mistrial, and this exception is overruled.

Finally, defendant argues that he was substantially prejudiced by that portion of the charge relating to a defendant's right to refrain from testifying in his own behalf. The rule is that a jury may draw no inferences of guilt from

the fact that defendant did not take the stand to testify in his own behalf. A portion of the charge to which defendant refers was to the effect that no one, including a defendant, "* * * is obliged to incriminate himself and take the stand. This defendant is not obliged to prove his innocence. He doesn't have to present witnesses to prove his innocence. He can do legally and lawfully and constitutionally what he has chosen to do in this case and that is to remain silent. The fact that he has not taken the stand or introduced any evidence in his own behalf is not to be taken by any of you as any inference that he may be guilty. He has elected to utilize a constitutional guarantee, and he is not to be faulted for that reason."

The defendant's contention of error is that the reference in this portion of the charge to self-incrimination necessarily led the jury to assume that the court was indicating its belief in the guilt of defendant to his resultant prejudice. In our opinion, the contention is valid only if it can be established that the jury was misled and confused by the reference to self-incrimination. We determine whether the charge was sufficiently clear and understandable on the basis not of how we would construe the instruction in question, but rather of how we believe it would be interpreted by a jury comprised of ordinary intelligent lay persons listening to it at the close of the trial. *Anter* v. *Ambeault*, 104 R. I. 496, 245 A.2d 137 (1968); *D'Arezzo* v. *John Hancock Mutual Life Ins. Co.*, 102 R. I. 56, 228 A.2d 114 (1967). Would it follow, then, that, in view of the reference to self-incrimination, these jurors would necessarily assume that the trial justice was indicating his opinion that defendant was guilty?

We think not. If we were to concede that the reference to self-incrimination could be misleading and confusing standing alone, we do not think that it is thus when read in the context of the charge as given. Clearly, the instruc-

tion points out that a defendant is obliged neither to prove his innocence nor to present witnesses to prove his innocence, and it necessarily implies that the burden of proof is on the state and that the presumption of innocence remains with him. It is our opinion that in the circumstances we cannot say that the jury was misled as defendant contends.

However, it is to be noted that the trial justice, upon exception being taken to the charge as given, immediately took steps to correct any such misunderstanding on the part of the jury and gave further instructions. The precise language of the curative instruction was: "The Constitution says that no one charged with a crime has to incriminate himself. He doesn't have to take the stand, and no inference can be drawn from that. In other words, you can't say to yourself, well anybody who doesn't take the stand must be guilty. You can't do that. If you do it, you're not rendering a fair and impartial verdict." We are of the opinion that the instruction as given in the charge and in the curative instruction did not confuse and mislead the jury. We, therefore, find this exception to be without merit, and it is overruled.

We turn to defendant's exception to the denial of his motion for a new trial. The record discloses compliance by the trial justice with the obligation, imposed upon him by a motion for new trial, of considering all of the evidence in an exercise of his own independent judgment, and passing upon the credibility and the weight to be given thereto. The trial justice having done this, we will not disturb his decision on the motion unless defendant sustains the burden of showing that he was clearly wrong in that he overlooked or misconceived material evidence on a controlling issue. *State* v. *Ramsdell*, 109 R. I. 320, 331, 285 A.2d 399, 406 (1971); *State* v. *Mazzarella*, 103 R. I. 253, 258, 236 A.2d 446, 449 (1967).

There is little doubt that the jury accepted as true the testimony of the police witnesses that the defendant was behind the store holding a tire iron in his hand which, as they approached, he discarded and fled. The trial justice clearly approved of the finding of the jury on the basis of this evidence. The defendant argues that the record contained neither credible evidence establishing that he was in possession of the tire iron nor credible evidence that a break had been attempted but aborted by the arrival of the police. To a substantial degree the arguments raised in this court by the defendant in challenging the court's denial of his motion for a new trial would have been more properly addressed to the jury and the trial justice than to this court. *See State* v. *McCartin,* 106 R. I. 674, 262 A.2d 826 (1970). It is our conclusion, then, that the defendant has failed to establish that the trial justice was clearly wrong in passing on the motion, and, therefore, we find that no error inhered in his denial of the motion.

All of the defendant's exceptions are overruled, and the case is remitted to the Superior Court for further proceedings.

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Doris did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Paul Kelley,* Assistant Public Defender, for defendant.