303 A.2d 367.

STATE *vs.* DANIEL H. MARZILLI.

APRIL 16, 1973.

PRESENT: Powers, Joslin and Kelleher, JJ.

KELLEHER, J. A Superior Court jury found the defendant guilty of the murder of his wife and her child. The trial justice denied the defendant's motion for a new trial. The defendant appealed to this court. Oral arguments were heard by us on November 10, 1972. The defendant died on January 23, 1973.

His father has filed a petition in which he alleges that he is the deceased's next of kin and asks that we enter a decision and order in this case. The state opposed the pe-

tition and moved that the appeal be dismissed as being moot. We heard oral arguments on the father's petition and the state's motion.

At oral argument the father's status as next of kin was questioned because it developed that the deceased is the father of two children born of a prior marriage. The children live in Massachusetts. However, assuming that the father has standing to press his petition, it will be denied.

The state at oral argument conceded that it would abide by the position taken by the overwhelming number of courts that have had the opportunity to consider the issue raised by Marzilli's death. These jurisdictions hold that the decease of a defendant pending an appeal of his criminal conviction abates not only the appeal but also all proceedings that have occurred since the inception of the prosecution and that the correct procedure is to vacate the conviction and reverse and remand with direction to dismiss the indictment or complaint. *Durham* v. *United States,* 401 U. S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971); Annot. 9 A. L.R.3d 462 (1966), Annot. 83 A.L.R.2d 864 (1962). Since at the time of the defendant's death there was no final judgment of conviction, simple justice dictates that we adopt the majority rule. The civil consequences[1] of the alleged homicides are matters to be resolved by the heirs of Marzilli,

---

[1]Two of the civil offshoots of this controversy are:

(1) Inheritance.—The Marzillis held title to their East Greenwich property as joint tenants. General Laws 1956 (1969 Reenactment) title 33, ch. 1.1 bars a person who has "willfully and unlawfully" taken the life of another from sharing in the victim's estate.

(2) Insurance.—The bodies of the wife and child were discovered by the East Greenwich firefighters as they were extinguishing a fire that caused extensive damage to the kitchen area of the Marzilli home. The insurance carrier has refused to pay the loss claiming the deceased was responsible for the fire. The decedent's suit against the carrier is pending in the Superior Court.

the heirs of his wife and her child, and other interested parties.

The judgment appealed from is vacated and the case remanded to the Superior Court with a direction to dismiss the indictment.

Mr. Chief Justice Roberts, Mr. Justice Paolino and Mr. Justice Doris did not participate.

Mr. Justice Powers participated in the decision but retired prior to its announcement.

*Richard J. Israel*, Attorney General, *Donald P. Ryan*, Asst. Attorney General, *Alexander G. Teitz*, Asst. Attorney General, for plantiff.

*Dennis J. Roberts, II, Harold I. Kessler, Carmine A. Rao*, for defendant.