339 A.2d 736.
STATE *vs.* ROBERT M. SMITH.

JULY 3, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This defendant was tried on three indictments, one charging him with the illegal possession of a firearm (Indictment No. 72-4), the second with assault with intent to kill (Indictment No. 72-6), and the third with robbery (Indictment No. 72-7). The jury returned a verdict of guilty as charged with respect to each indictment, and the defendant is now prosecuting appeals in this court.

It appears from the record that at about 11 a.m. on the morning of December 2, 1971, Joseph Skorupa, the manager of a Sunnybrook Farms store located at Eaton and Enfield Streets in Providence, was held up by a masked man who entered the store armed with a pistol. Skorupa, complying with a demand, gave a bag containing the money to the intruder who then left the store. Skorupa, following him out into Enfield Street, came face to face with the intruder, who had now removed the mask. At this point the intruder fired his pistol at Skorupa, wounding him in the leg. Skorupa, testifying at trial, identified defendant Smith as the man he had followed into Enfield Street and who had shot him.

The defendant contends primarily that he was deprived of his constitutionally protected right to a fair and impartial trial by the admission into evidence of the testimony of a witness, Raymond Ciszkowski, who identified a "blue shirt" shown him as one that had been worn by defendant. The witness testified that after he had seen a man firing a pistol, he followed him and saw him enter a backyard, remove his outer coat, and throw it against a bulkhead. He further testified that when the man re-

moved his coat, "what stood out was the blue shirt that he had on." The witness was then shown a long-sleeved blue shirt by the prosecutor and asked if he had ever seen it before. The witness replied, "I've seen it on the defendant."

At this point defense counsel objected to the admission of this testimony and moved that the case be passed or that the testimony be stricken. Both motions were denied, and nothing in the record discloses the grounds upon which defense counsel based the motion to pass or to strike. Subsequently, under cross-examination, Ciszkowski conceded that he was unable to identify as the defendant the man he had followed from the scene of the shooting.

Ordinarily, where there has been such a failure to specify the ground upon which a motion is based, it has been our practice to overrule the exception. *State* v. *Rezendes,* 111 R. I. 169, 172, 300 A.2d 472, 474 (1973). It would appear, however, that defendant may have intended to raise a question as to the admissibility of the testimony concerning a blue shirt on the ground that, even if relevant on the question of the identify of defendant, its prejudicial effect was such as to require its exclusion.

The rule is well settled in this state that relevant evidence which is prejudicial in nature should not be excluded unless its prejudice overrides its relevancy. The admission of such evidence is within the sound judicial discretion of the trial justice. *State* v. *Rezendes, supra; State* v. *Glass,* 107 R. I. 86, 265 A.2d 324 (1970) ; *State* v. *Reardon,* 101 R. I. 18, 219 A.2d 767 (1966) ; *see also* 1 Underhill, *Criminal Evidence* §6 at 16 (6th ed. 1973) ; 1 Wharton, *Criminal Evidence* §151 at 278 (13th ed. 1972).

In *State* v. *Reardon, supra,* we subscribed to the view that an appellate court should exercise considerable restraint in undertaking to evaluate the prejudicial effect of the admission of relevant evidence by a trial justice,

this being a function peculiarly within the factfinding power of a trial court. Fundamentally, when we do evaluate such an exercise of judicial discretion on the part of the trial court, it must appear that the judicial discretion clearly was abused to warrant our disturbing the ruling of the trial court. Obviously, the "blue shirt" statement is by its very nature prejudicial to defendant, but it is equally obvious that its prejudicial effect by no means outweighs its probative value on the issue of the identification of defendant. That being so, we cannot say that in admitting it into evidence the trial justice abused his judicial discretion. We find no error in the rulings of the court on the motions to pass and to strike.

It is our further opinion that the defendant's contention that the trial court erred in denying his motion for a directed verdict is without merit. It is clear from the record that the court complied with the rule that on such a motion in a criminal case the court must view the evidence in the light most favorable to the state and draw therefrom such reasonable inferences as support the state's contentions. *State* v. *Reardon, supra.* The court was clearly of the opinion that the evidence concerning the holdup and the identity of the defendant raised a question for the jury, and with that conclusion we agree.

The defendant's appeals are denied and dismissed, and the case is remitted to the Superior Court for further proceedings.

*Julius C. Michaelson,* Attorney General, *William G. Brody,* Special Asst. Attorney General, for plaintiff.

*Charles J. Rogers, Stephen A. Sarault,* for defendant.