**STATE**

v.

**Antonio BRACERO.**

**No. 79–99–C.A.**

Supreme Court of Rhode Island.

Sept. 4, 1981.

---

Dennis J. Roberts, II, Atty. Gen., Joseph P. Ippolito, Stephen Lichatin III, Sp. Asst. Attys. Gen., for plaintiff.

Richard A. Ciccone, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case comes before us on appeal by the defendant, Antonio Bracero, from a judgment of conviction entered against him in the Superior Court on one count of delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver.

On June 8, 1977, Detective Judith Mirando, a Providence undercover policewoman, checked into a room at the Holiday Inn in Providence to wait for Robert Costantino (Costantino), from whom she had arranged to buy $1,000 worth of cocaine. Costantino arrived at about 2 p. m. and after quickly checking the room, told Detective Mirando that he would have to leave again for a short time to tell his partner that everything was all right. Costantino returned about five minutes later with the news that his partner would arrive shortly with the cocaine.

After an hour had passed, Costantino became concerned and called his home from the telephone in the hotel room. Detective Mirando heard him ask his girl friend if Tony had arrived. He then asked to speak directly to Tony, to whom he said, "What's taking you so long? * * * The scale is under the water bed. * * * Measure out a half ounce and come to 413, the Holiday Inn. Everything is cool." At about 3:30 p. m. defendant arrived and, according to Detective Mirando's testimony, took a plastic bag of cocaine from his pocket and laid it on the dresser. She further testified that Costantino and defendant both discussed with her a future drug deal for $10,000 and then assured her that the cocaine she was buying that day was of high quality and 89 percent pure. Detective Mirando took the cocaine and paid Costantino $1,000, whereupon defendant and Costantino left the room together.

The defendant's testimony presented a very different account of his involvement in the events of June 8, 1977. The defendant claims that Costantino called to invite him to the hotel to meet some girls. He admits having brought something to the hotel room but claims that it was an envelope and that he was unaware that it contained cocaine. The defendant testified that Costantino told him that he had forgotten an envelope above the visor of his car, which was parked beneath the hotel. The defendant agreed to Costantino's request; and he testified that he easily found the envelope, which he assumed contained photographs, above the visor of Costantino's unlocked car. The defendant further testified that he brought the envelope to Costantino, spent a few minutes in the bathroom, and then left the room alone. He denies having made any comments about the quality of the cocaine or about a future drug transaction. He insists that he was completely unaware of the contents of the envelope or of the reason for Detective Mirando's meeting with Costantino.

On May 24, 1978, defendant was charged by information with delivery of a controlled substance, conspiracy to violate the Uniform Controlled Substances Act, and possession of a controlled substance with intent to deliver. The defendant's motion to dismiss the second count was granted on October 23, 1978. On November 17, 1978, a Superior Court jury returned verdicts of guilty on the two remaining counts.

On appeal to this court defendant argues that count 3, charging possession with intent to deliver, is a lesser included offense of count 1 and should have been dismissed. The defendant also claims numerous evidentiary errors for which he urges reversal of his conviction.

Dismissal of count 3 is required by our holding in *State v. Anil*, R.I., 417 A.2d 1367 (1980), wherein we stated that the offense of possession of a controlled substance with intent to deliver is a lesser included offense of delivery of a controlled substance. *Accord, Sharbuno v. Moran*, R.I., 429 A.2d 1294 (1981). Accordingly, we reverse defendant's conviction on count 3 of the information.

The defendant also seeks reversal of his conviction on count 1, which charged him with delivery of a controlled substance. To this end he has raised a multitude of issues challenging many of the trial justice's evidentiary rulings.

At the outset defendant argues that it was error to admit into evidence the out-of-court statements of Costantino. The defendant contends that these statements were not only hearsay but also a violation of his right of cross-examination, guaranteed by the confrontation clause of the Sixth Amendment to the United States Constitution. Both issues are effectively resolved by an examination of the coconspirator exception to the hearsay rule. A review of the transcript convinces us that the trial justice was correct in his preliminary finding that the coconspirator exception should apply. There was ample evidence to support a finding that defendant and Costantino were coconspirators in the transaction. In addition to Detective Mirando's incriminating testimony, defendant was seen leaving the hotel with Costantino by a police surveillance team. Furthermore, the statements made by Costantino were directly aimed at having the cocaine successfully delivered to the hotel room and at reassuring the prospective buyer of the quality of the cocaine. Costantino's statements were thus made during and in furtherance of the conspiracy and are therefore admissible against defendant. *See State v. Patriarca*, 112 R.I. 14, 40, 308 A.2d 300, 316 (1973).

Also without merit is defendant's further argument that the admission of Costantino's out-of-court statements violates the right to cross-examination protected by the confrontation clause. In *Dutton v. Evans*, 400 U.S. 74, 80, 91 S.Ct. 210, 215, 27 L.Ed.2d 213, 222 (1970), the United States Supreme Court held that the confrontation clause was not necessarily violated by the admission of hearsay testimony under the coconspirator exception. *Dutton* also discussed two points that are particularly relevant to this case: the risk of prejudice to a defendant and the reliability of the evidence. *Id.* at 87–89, 91 S.Ct. at 219–20, 27 L.Ed.2d at 226–27. See *State v. Patriarca*, 112 R.I. at 43, 308 A.2d at 317–18. In the instant case, Costantino's statements, though incriminating, cannot be considered "devastating," *Dutton v. Evans*, 400 U.S. at 87, 91 S.Ct. at 219, 27 L.Ed.2d at 226, for there was ample other, and even more damaging, evidence to implicate defendant, that is, Detective Mirando's testimony as to defendant's own statements. Nor is the reliability of the evidence a real concern in this case. In *State v. Patriarca*, 112 R.I. at 43–44, 308 A.2d at 318, we found testimony to be reliable when the witness had been subjected to extensive cross-examination and the out-of-court declarant had had no reason to lie under the circumstances. We find that these same "indicia of reliability," are present in the case before us and therefore hold that the trial justice was correct in admitting Costantino's testimony into evidence.

The next issue before us concerns Detective Mirando's testimony that defendant discussed a future drug transaction with her. The defendant claims that the prejudice caused him by the admission of this testimony far outweighs its probative value. There was sufficient other evidence of intent, argues defendant, that this testimony was unnecessary as well as prejudicial.

The law of this jurisdiction, as well as the circumstances of this case, require us to reject defendant's contention. In *State v. Ryan*, 113 R.I. 343, 349, 321 A.2d 92, 95 (1974), we held that "[a]ny circumstance that is incidental to or connected with the offense under investigation in such a way that it tends to establish guilty knowledge, intent, motive, design, plan, scheme, system, or the like, is proper evidence according to the overwhelming weight of authority." *See State v. Colangelo*, 55 R.I. 170, 179 A. 147 (1935). The defendant's discussion of a future drug deal clearly comes within this description.

■ The defendant's contention that this testimony was unduly prejudicial, even unnecessary, is without merit. The main thrust of defendant's case has been his assertion of lack of knowledge and intent, and he has challenged the admission of any incriminating evidence on that point. It is only logical therefore that any evidence bearing upon this issue be considered highly relevant. The trial justice was therefore correct in admitting Detective Mirando's testimony as to defendant's statements. Furthermore, the trial justice's cautionary instruction to the jury on the significance of this testimony clearly and accurately stated the limited purpose for which it could be considered and served to minimize any possibility of undue prejudice.

■■ *The admission into evidence of the* bag of cocaine purchased by Detective Mirando is the basis of defendant's next claim of error. At trial, Robert Miller and John Leo, the two state toxicologists who respectively accepted custody of this evidence from the police and later analyzed it, testified that the cocaine was delivered to the laboratory on June 9, 1977. Laboratory analysis of it commenced on July 19, 1977. Upon cross-examination, neither toxicologist was able to state unequivocally that the evidence had *not* been tampered with. The defendant contends that the state failed to establish properly a chain of custody and that this evidence should therefore have been ruled inadmissible. We reject defendant's argument on this point. It is true that before physical evidence may be introduced into evidence, it must be shown to be in substantially the same condition as it was when the crime was committed. This does not mean, however, that the state must eliminate all possibility that the physical evidence has been tampered with. Rather, the state must satisfy the trial justice that in all reasonable probability no such tampering has taken place. *State v. Roddy*, R.I., 401 A.2d 23, 36 (1979); *State v. McCartin*, 106 R.I. 674, 680, 262 A.2d 826, 830 (1970). In *State v. Infantolino*, 116 R.I. 303, 312, 355 A.2d 722, 727 (1976), this court held that "a reasonable probability that no one has tampered with the exhibit" suffices for the requisite showing of a continuous chain of custody. This task was performed by the state to the full satisfaction of the trial justice and of this court.

■ The next issue raised by defendant concerns the use of a prior consistent statement to rehabilitate a witness whose credibility has been impeached by means of a prior inconsistent statement. Detective Mirando testified at trial that both Costantino and defendant had spoken to her about the quality of the cocaine she was buying and about a future cocaine transaction for $10,000. However, in a statement dated December 6, 1977, Detective Mirando described only her conversation with Costantino and made no mention of any such discussion with defendant. The trial justice allowed defendant to use this as a prior inconsistent statement to impeach Detective Mirando.

The state was subsequently allowed to introduce evidence of another statement by Detective Mirando in which she did mention the disputed conversation with defendant. The defendant contends that use of a prior consistent statement was not permissible in this instance and cites as support this passage from *State v. Ouimette*, 110 R.I. 747, 761, 298 A.2d 124, 133 (1972):

"[s]uch evidence of prior consistent statements, in our opinion, should be admissible where a witness has in fact been impeached by testimony of prior inconsistent statements *and has not admitted*

*that such inconsistent statements had been made.*" (Emphasis added.)

Detective Mirando admitted having made the statement and, defendant urges, the state's introduction of a prior consistent statement should therefore have been disallowed.

The defendant's reliance on the phrase "and has not admitted that such inconsistent statements had been made" has led him to misinterpret our holding in *Ouimette*. The above-cited language is not exclusive and does not preclude the admissibility of prior consistent statements in other circumstances. In that same opinion this court stated that the admission of testimony of prior consistent statements is within the discretion of the trial justice.

"If the court is satisfied that the credibility of the witness was impeached in such a manner and to such an extent that he feels that evidence should be admitted to rehabilitate the credibility of the witness, his admission thereof is not an abuse of his discretion." *Id.*

 Subsequent to the admission of the rehabilitative prior consistent statement, defendant attempted to introduce a second allegedly inconsistent statement to impeach Detective Mirando. The trial justice's refusal to allow the introduction of this statement forms the basis of defendant's next claim of error. On June 8, 1977, Detective Mirando filed a report on the cocaine transaction which, like the December 6, 1977 report, did not mention defendant. Nevertheless, the trial justice refused to allow the use of the June 8 statement, basing his decision upon his preliminary finding that it was *not*, in fact, inconsistent with the witness's in-court testimony. The trial justice found that the June 8 statement has been written by Detective Miran-

do for inclusion in a file relating only to Costantino and that it was not unreasonable for the statement to have mentioned only that individual. Determining whether a prior statement is inconsistent with a witness's testimony is a matter within the discretion of the trial justice. *State v. Clark,* R.I., 423 A.2d 1151, 1159 (1980); *State v. Earley,* 118 R.I. 205, 213, 373 A.2d 162, 166 (1977). The trial justice's ruling on this issue was well supported by the facts and applicable law and will not be disturbed.

 The next issue before us concerns the defendant's claim that it was error for the trial justice to permit the state to ask the defendant if he had had two packets of cocaine in his pocket on a certain date.[1] In *State v. Sepe,* R.I., 410 A.2d 127 (1980), we reaffirmed the principle that although evidence of bad character or criminal disposition is inadmissible to prove the likelihood that a defendant committed a particular crime, "evidence of other conduct, even if criminal, is competent to prove the specific crime charged when it tends to establish * * * intent, [or] * * * the absence of mistake * * *." *Id.* 410 A.2d at 130. While we cannot argue with the principle of law set forth in *State v. Sepe,* R.I., 410 A.2d 127 (1980), we must remember that at the time the subject of the two cocaine packets came up before the jury, the prosecutor was cross-examining the defendant in an attempt to discredit the defendant's direct testimony which depicted him as an individual who knew nothing about cocaine. The trial justice, in permitting the inquiry now being challenged, pointed out that the question was certainly relevant to the defendant's assertion of innocence and that an affirmative answer would surely have impeached the portrait

---

1. In this regard, the record reveals the following testimony:

"Q Mr. Bracero, do you know what cocaine looks like, sir?

"A No, I don't.

"Q Is it not a fact, sir, that on June 17th of 1975 in the City of Providence you had in your pocket two packets of cocaine?

"MR. CICCONE: Objection, and I've got a motion to pass.

"THE COURT: Objection overruled. Motion to pass denied.

"A No, I did not."

The state did not pursue this line of questioning any further. However, when the trial justice first ruled on the admissibility of this inquiry, he had been told by the prosecutor that a witness would be presented if defendant answered in the negative.

painted during direct examination. Having found that the prosecutor's inquiry was relevant, we must also determine whether its probative value was clearly outweighed by its potential for engendering prejudice in the mind of the jury. *State v. Reardon*, 101 R.I. 18, 219 A.2d 767 (1966). Such a determination is a matter directed in the first instance to the sound discretion of the trial justice. *State v. Fontaine*, 113 R.I. 557, 323 A.2d 571 (1974). The jury had been informed earlier in the trial that the defendant had a criminal record and we are not persuaded that he was prejudiced by this one question exploring his previous experience with cocaine.

The other issues raised by the defendant are without merit and do not warrant further discussion. The defendant's appeal is sustained in part and dismissed in part. The judgment of conviction in regard to count 3 is vacated, and in regard to count 1 the judgment of conviction is affirmed. The case is remanded to the Superior Court for further proceedings not inconsistent with this opinion.

SHEA, J., did not participate.