STATE

v.

Robert MARTINI et al.

No. 82–126–C.A.

Supreme Court of Rhode Island.

June 2, 1983.

Dennis J. Roberts II, Atty. Gen., David H. Leach, Sp. Asst. Atty. Gen., for plaintiff.

Raul L. Lovett, William A. Dimitri, Joseph A. Bevilacqua, Jr., Providence, for defendants.

## OPINION

KELLEHER, Justice.

The state has appealed from a pretrial order of a Superior Court justice barring the prosecution from using at trial the testimony of two members of the Department of State Police, specifically, the department's executive officer, Major Lionel J. Benjamin, and the commander of the department's detective division, Captain Edward Pare. The defendants, who are Robert Martini (Martini), Edmund Calcagni (Calcagni), and Dante Sciarra (Sciarra), were charged on August 1, 1980, in a two-count indictment. One count charged Calcagni and Sciarra with conspiracy to intimidate and dissuade one Robert A. Colannino from testifying at a criminal trial at which Martini would be the defendant. The second count charged all three defendants with knowingly and maliciously preventing and dissuading Colannino, by means of implied threats of force and violence, from giving testimony at Martini's trial.

The bar against the use of the police officers' testimony came after the state had furnished to defendants, pursuant to the pertinent provisions of Rule 16(a)(6) of the Superior Court Rules of Criminal Procedure, a list of the witnesses it was prepared to call at trial as well as a summary of their proposed statements. With respect to the two state troopers, the response indicated that Major Benjamin and Captain Pare would testify at trial that "Dante Sciarra is associated with organized crime figures, and has a reputation as such. [They] will also testify that Dante Sciarra is the brother of Rudolph Sciarra, a well-known organized crime figure and close associate of Raymond L.S. Patriarca." Upon becoming aware of this proposed testimony, defendants Martini and Sciarra filed a motion in limine, asking that the trial justice prohibit the use of such testimony. To justify the exclusion, they pointed to its highly conjectural and speculative nature as well as the prejudicial effect it would have on defendants' right to a fair trial. The trial justice agreed, granted the motion, and the state appealed.

■ This court has recognized the use of a motion in limine as a procedural tool to prevent unduly prejudicial evidence from reaching the jury. A trial justice has inherent power to rule on such a motion. *State v. Burke*, R.I., 427 A.2d 1302 (1981); *State v. Bennett*, R.I., 405 A.2d 1181 (1979). The question of whether to admit or exclude such evidence is within the sound discretion of the trial justice. In exercising that discretion, he must weigh the prejudicial effect of such evidence against its probative value. *State v. St. Pierre*, 118 R.I. 45, 371 A.2d 1048 (1977); *State v. Smith*, 115 R.I. 93, 339 A.2d 736 (1975); *State v. Bowden*, 113 R.I. 649, 324 A.2d 631 (1974). This court will not interfere with the trial justice's determination unless a clear abuse of discretion is apparent. *State v. Smith, supra.*

■ Our inquiry in this controversy, therefore, is whether the action taken by the trial justice constituted an abuse of discretion. In viewing the proposed testimony alongside the relevancy standard, we conclude that since the evidence sought to be introduced by the state was totally irrelevant, it was properly excluded.

■ Evidence is deemed relevant when it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Capezza v. Hertz Equipment Rental Corp.*, 118 R.I. 1, 371 A.2d 269 (1977); *McCormick's Handbook of the Law of Evidence* § 185 at 435 (2d ed. Cleary 1972). The state claims that evidence of defendant Sciarra's associational contacts is probative of his intent to intimidate the witness, Colannino. In addition, the state argues, the testimony tends to establish the state of mind of the victim or witness, the object of defendants' intimidation or coercion. The state contends that this facet of proof is necessary because the relationship between the victim's frame of mind and that of the accused is critical to an understanding of the ability and intent of defendant to effectuate his purpose.

■ We may quickly dispose of the latter claim that the state of mind of the victim is a necessary element of proof as it relates to the defendant's ability to discourage his testimony.[1] General Laws 1956 (1981 Reenactment) § 11–32–5(d) explicitly states that the success or failure of an attempted coercion is an insignificant issue. "The fact that no person was injured physically, or in fact, intimidated, shall be no defense against such prosecution." Whether the defendant actually instilled fear in the victim is not an element of the crime of witness intimidation. The state therefore cannot base the introduction of potentially inflammatory evidence upon the need to prove an unnecessary element.

---

1. The state of mind of the victim may become part of the evidence in certain situations in which the defendant knows of a particular weakness of the victim and plays upon that weakness in an effort to prevent his testimony. The present case, however, does not present such circumstances.

The state of mind of the defendant must be proved to show a violation of the victim and witness intimidation statute. The law clearly states that only those who "knowingly and maliciously" commit the prohibited acts are guilty under this section.[2] The state contends that the offered testimony is necessary to prove the intent of the defendant. Absent such proof, it claims that an intimidator could make statements that appear on the surface to be harmless but in fact intimidate a potential witness, thus circumventing the statute. In support of this position, the state cites numerous federal cases dealing with witness intimidation which condone the admission of circumstantial evidence to prove a defendant's intent. *See United States v. Baker*, 611 F.2d 964 (4th Cir.1979); *United States v. Harris*, 558 F.2d 366 (7th Cir.1977); *United States v. Jackson*, 513 F.2d 456 (D.C. Cir.1975); *United States v. Cioffi*, 493 F.2d 1111 (2d Cir.1974). In each of these cases, however, the evidence introduced, though circumstantial, was clearly probative of the intent of the defendant. In *Baker*, for example, testimony was admitted regarding the cooperative nature of the victim prior to her contact with the defendant, after which she became uncooperative and untruthful. The court held this evidence probative of whether or not an attempt to impede a witness's testimony had actually occurred. In *United States v. Cioffi, supra*, a victim was allowed to testify regarding his interpretations of words and phrases used by the defendant which were directed toward him. The court held that the defendant's language was probably meant to conceal the true meaning of his words; therefore, the victim's testimony was proper. In these cases it is clear that the evidence, though circumstantial, is relevant.

Here, however, the proposed testimony of Major Benjamin and Captain Pare is truly incapable of proving any essential element that it is incumbent upon the state to prove. The facts that Sciarra has a brother Rudolph who is a well-known crime figure and a close associate of Raymond L.S. Patriarca's and that Sciarra has a reputation for associating with "organized-crime" figures, even if admissible, prove at most that a consanguineous bond exists between Sciarra and his brother Rudolph but shed no light on Sciarra's specific intent to prevent Colannino from testifying. Intent may not be established by proof of consanguinity.

The state's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.[3]

---

2. At its January 1982 session the General Assembly revised § 11–32–5 so that the prosecution must establish a "specific intent to intimidate." General Laws 1956 (1981 Reenactment) § 11–32–5, as amended by P.L.1982, ch. 372, § 1. It is unnecessary to review the substantive differences between this language and that found in the original version since the indictments in the present case were handed down pursuant to the 1980 statute.

3. When this case came on to be argued before the court on February 14, counsel for Dante Sciarra announced that he had died on February 11, 1983. The death certificate attesting to this fact has been filed with the clerk. Since the death abates all of the proceedings that have occurred since the inception of the prosecution, the Superior Court, after remand, will enter an order dismissing the indictment insofar as it relates to the late Dante Sciarra. *See State v. Marzilli*, 111 R.I. 392, 303 A.2d 367 (1973).