### STATE

v.

### Alfonso REYES a.k.a. Octavio Ramirez.

### No. 95–27–C.A.

Supreme Court of Rhode Island.

April 4, 1996.

Annie Goldberg, Asst. Atty. General, Aaron Weisman, Asst. Atty. General, for Plaintiff.

Janice Weisfeld, Asst. Public Defender, Paula Rosin, Asst. Public Defender, for Defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument February 29, 1996 pursuant to an order that directed the defendant to appear in order to show cause why his appeal should not be summarily denied and dismissed. After hearing the arguments of counsel and examining the memoranda filed by the par-

ties, we are of the opinion that cause has not been shown and that the defendant's appeal should be denied and dismissed.

The defendant, Alfonso Reyes a.k.a. Octavio Ramirez, was found guilty after a trial by jury of the offense of possession of marijuana. His motions for judgment of acquittal and for new trial were denied. The defendant raises a number of issues in support of his appeal. We shall discuss some of these issues individually and shall supply facts as needed in the course of such discussion.

## I

### The Motion for Judgment of Acquittal

■ There is no question that the trial justice was correct in denying the motion for judgment of acquittal. When the evidence is viewed in the light most favorable to the state and all reasonable inferences consistent with guilt are drawn, the evidence that defendant was found on a bed or mattress in an apartment that had been searched pursuant to a warrant and the evidence that under the mattress was found a white plastic "Huggies" bag containing four ziplock bags of marijuana provided a sufficient basis to create a jury question in respect to guilt or innocence.[1] *State v. Nunes,* 633 A.2d 1355 (R.I.1993).

## II

### The Limitation of Defendant's Testimony

■ The defendant argues that he should have been permitted to introduce documentary evidence of his certification as an electronic technician. The defendant was allowed to testify that he had entered the apartment on the night of his arrest to set up a VCR and television set and also to install some beds. Although the documentary evidence in question might have had some minimal relevance, defendant was not prejudiced by the trial justice's ruling since he was allowed to testify concerning his occupation and was further allowed to testify that he had no knowledge of the presence of controlled substances in the apartment.

## III

### The Testimony of Elizabeth Martin

■ Counsel for defendant offered to present a witness, Elizabeth Martin, who was not acquainted with defendant at the time of his arrest. She would have testified that defendant was a person of good character who had a good reputation for truth and veracity and that he was a noisy sleeper. This testimony would have corroborated defendant's testimony that when he was found on the bed, he was sleeping, and that his heavy breathing did not result from just having run up the stairs carrying a bag containing marijuana but resulted from an earlier injury that had fractured his nose.

The trial justice excluded this testimony when the witness admitted having no personal knowledge concerning defendant's having broken his nose in the year 1987. This evidentiary ruling was well within the discretion of the trial justice to determine relevance and was supported by the rules of evidence that make personal knowledge essential to the giving of testimony. R.I. Rule of Evid. 602.

## IV

### The Motion For New Trial

■ The defendant argues that the trial justice committed error in denying his motion for a new trial. It is well settled that the decision of a trial justice on such a motion will be reviewed by this court on a very deferential basis. His or her decision will not be disturbed unless he or she has overlooked or misconceived relevant and material evidence or was otherwise clearly wrong. *State v. Dame,* 560 A.2d 330, 332–33 (R.I. 1989). In the case at bar the trial justice carefully reviewed the evidence and found Detective George DeBlois and Sergeant Ronald Lewis to be highly credible. Detective DeBlois followed a person who was running up the stairs while carrying a white bag. In court he identified the bag that he had recovered from beneath the mattress. Although Detective DeBlois could not positively identi-

---

1. The defendant referred in his testimony to the object upon which he was found as a "bed." The police report describes the object as a mattress placed upon the floor.

fy defendant after the passage of seven years, Sergeant Lewis did identify defendant. This identification was scarcely essential since defendant himself admitted that he was discovered lying on the mattress by the police. He denied having just run up the stairs and denied any knowledge of the presence of marijuana under the mattress. However, there was no issue about his presence on the mattress when discovered. The trial justice stated unequivocally that he agreed with the verdict of the jury, save that he would have found defendant guilty of the greater charge of possession of marijuana with intent to deliver rather than the lesser charge of which he was convicted. On this record the denial of the motion for new trial was not erroneous.

## V

### The Defect in the Chain of Custody

 The defendant argues that the evidence of the chain of custody of the four ziplock bags of marijuana was insufficient to warrant the admission of these bags into evidence. The bags were presented to the court by Officer Luis Del Rio, a narcotics investigator who had accompanied the other officers into the apartment at the time of defendant's arrest. Officer Del Rio testified that he subsequently retrieved the bags from a locked vault in the basement of the police station. He further identified a white "Huggies" bag as the bag he had obtained from Sergeant Dennis Lampert, who served as the custodian of evidence in the special investigation bureau. George Dean, a veteran police officer of the Providence police department, testified that he transported the narcotics to the toxicology unit at the State Department of Health on the afternoon when they were seized. He stated that he obtained the bag from the secured lockup at the narcotics office. The toxicologist Gino Rebussini testified that the substances were marijuana. There was no evidence of tampering at any stage in this proceeding. The only defect in the chain of custody was the absence of a manila envelope into which Detective DeBlois recalled having placed the four ziplock bags. The bags were presented at trial, each bearing a state toxicologist's identification tag.

This court has stated in *State v. Bracero*, 434 A.2d 286, 290 (R.I.1981), that the state does not have the burden of eliminating all possibilities of a break in the chain of custody but must satisfy the trial justice that in all reasonable probability no tampering has taken place. The evidence on the chain of custody in this case was sufficient to establish admissibility. *See State v. Gara*, 644 A.2d 312 (R.I.1994); *State v. Cohen*, 538 A.2d 151 (R.I.1988).

We have considered all other issues raised by the defendant and find that they are without merit.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.

FLANDERS, J., not participating.