STATE *vs.* DULLIVAN C. CHAVIS.

AUGUST 2, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a complaint and warrant charging that the defendant on May 31, 1953 in the town of East Providence while under the influence of intoxicating liquor drove and was in actual physical control of an automobile upon a highway of this state. After a trial in the superior court a jury found the defendant guilty as charged. His motion for a new trial was denied by the trial justice and a bill of exceptions was duly prosecuted to this court.

It appears from the evidence that on the evening of the day referred to in the complaint defendant was operating an automobile on Pawtucket avenue in the town of East Providence. That avenue contains four lanes for travel. The defendant's car was so operated that it ran into the rear of a parked automobile in which the owner thereof, Karlton E. Kling, was sitting. A police officer, and shortly thereafter a police sergeant, arrived at the scene and defendant was told that he was to be taken to the East Providence police station for examination. This was done. Thereafter the lieutenant in charge of the station called the police surgeon by telephone. The defendant was examined by the surgeon

and was pronounced to be under the influence of intoxicating liquor and unfit to operate a motor vehicle. He was then formally arrested and booked.

The bill of exceptions contains five exceptions. The first four are pressed, but the fifth is not briefed or argued and therefore under our well-established rule is deemed to have been waived. The first two exceptions, which relate to the refusal of the trial justice to grant defendant's motion that a verdict in his favor be directed, may be considered together. The third and fourth exceptions which are to portions of the charge to the jury may also be taken up together. At the trial no evidence was introduced on behalf of defendant. Therefore the evidence presented by the state stands as uncontradicted and only questions of law are raised by defendant.

In support of his motion for a directed verdict, defendant first argues that the police did not carry out the duties imposed on such officers as set out in public laws 1950, chapter 2595, article XXIV, sec. 2, paragraphs (a) and (b), in respect to giving a defendant proper warning of his rights in connection with his examination by a physician. Paragraph (b) reads as follows:

> "A person arrested and charged with operating a motor vehicle while under the influence of narcotic drugs or intoxicating liquor, whatever its alcoholic content, shall have the right to be examined at his own expense immediately after his arrest, by a physician selected by him, and the officer so arresting or so charging such person shall immediately inform such person of this right and afford him a reasonable opportunity to exercise the same, and at the trial of such person the prosecution must prove that he was so informed and was afforded such opportunity."

Undoubtedly in cases of this kind it would be better practice for the arresting authorities to follow the letter of the law with reference to such right. However, assuming the evidence does not show that immediately *after being arrested*

*and charged* with the offense defendant was formally informed of his right to have the services of his own doctor for purposes of examination respecting his condition, as provided in the statute, nevertheless we are satisfied that in the circumstances shown by the uncontradicted evidence the provisions of the statute were substantially complied with and that defendant's rights were protected.

In substance it appears from the evidence that both the police officer and the police sergeant within a few minutes of their arrival at the scene of the accident, which happened about 9:30 p.m., informed defendant of his rights in connection with getting in touch with a doctor of his own choosing. Upon arrival at the police station shortly before 10 p.m. the lieutenant in charge informed defendant that he was to be examined by the police surgeon. He was again told of his right to get in touch with a doctor and was offered the use of a telephone. As showing that defendant understood the situation fully, he made the following significant statement: "I will take a chance on your doctor." No contention was made by defendant that time was unduly wasted. Upon the arrival of the police surgeon defendant's examination was conducted and was finished about 11 p.m. The defendant was then arrested and charged. By that time he had already been notified of his rights at least three times by three separate police officers and had signified a willingness to rely on the police surgeon's examination. In our judgment the fact that in the circumstances appearing of record a fourth notice was not given him *after* he was formally *arrested and charged* should not vitiate the examination by the police surgeon and entitle defendant to a directed verdict of acquittal.

The defendant, however, also urges that he was deprived of the rights and privileges granted him under article I, sec. 13, of the constitution of this state which reads as follows: "No man in a court of common law shall be compelled to give evidence criminating himself." In substance he argues

that the medical examination which was given him in the East Providence police station, respecting his alleged driving when under the influence of intoxicating liquor, amounted to self incrimination when used as evidence in this case and constituted such a violation of the above-quoted section of the constitution as would entitle him to the granting of his motion for a directed verdict.

Upon consideration we do not accept defendant's position as sound for several reasons. He took part in the examination voluntarily and made no objection whatever to it or to carrying out the police or the doctor's requests in that connection. The evidence as to what took place during the examination was admitted at the trial without any objection thereto on the part of defendant and without any exception having been noted by him. Indeed he indicated a desire or willingness to rely on the police surgeon's examination. On the instant record we are of the opinion that defendant is not in a position to raise the above constitutional question. We hold therefore that the trial justice ruled correctly in refusing to grant defendant's motion for a directed verdict of acquittal, and his first and second exceptions are overruled.

The defendant excepted to two distinct portions of the charge. The first part of the charge excepted to was as follows: "If you find to your satisfaction, to the kind of satisfaction that you would act upon in your ordinary concerns in life, that the defendant was driving the car and that he was under the influence of intoxicating liquor, and that he was given an opportunity to call his own physician, if he wanted that physician, you should find him guilty. If you find that any one of those three things hasn't been proved to your satisfaction, then you should find him not guilty."

The defendant contends that the part of the charge just quoted is faulty because it does not include all the essential elements and portions of the law alleged to have been violated by him. The charge is in simple language and, as we view it, was not likely to mislead the jury. In this connec-

tion defendant again reargues the matter of failure to notify him of his right to get in touch with a doctor of his own choice *after* he had been arrested and booked. What we have said in passing on that question when we discussed defendant's first and second exceptions in general applies here. An examination of the entire charge shows that the statute involved was called to the jury's attention by the trial justice, was reviewed by him, and its purpose explained although not in precise detail. In our opinion the constituent elements of the offense for which defendant was being tried and the burden of the state to prove its case beyond a reasonable doubt were sufficiently referred to and set out by the trial justice. In our judgment the portion of the charge excepted to was not prejudicial to defendant.

The second contention as to the charge, upon which defendant relies, is based on his claim that it is in violation of sec. 13 of article I of the constitution of this state, hereinbefore referred to, because it required defendant to incriminate himself. The nature of that section of the state constitution has been considered in passing on defendant's first and second exceptions. What we there held need not be repeated and in our opinion applies to the question now before us. Here defendant stood on his plea of not guilty and was under no duty to present any evidence in his defense if he saw fit. He could rest on the presumption that he was innocent until proved guilty. To the extent that this portion of the charge, if isolated, may have been contrary to the above-recognized principle of law, it was erroneous. However, under all the facts appearing in the evidence and under the charge when considered as a whole it is our judgment that such error was harmless and did not prejudice defendant's rights in the circumstances. In our opinion sec. 13 of article I of the state constitution has no application to the issue now before us. The defendant's third and fourth exceptions are therefore overruled.

All of the defendant's exceptions are overruled, and the

case is remitted to the superior court for further proceedings.

*William E. Powers, Atty. Gen., John F. O'Connell, Special Counsel,* for State.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, Joseph Palmieri,* for defendant.