STATE *vs.* SAMUEL J. LACY, JR.

FEBRUARY 21, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a complaint and warrant charging the defendant with operating a motor vehicle on July 7, 1956 upon a highway in the city of Providence while under the influence of intoxicating liquor. After a trial in the superior court a jury found the defendant guilty as charged. His motion for a new trial was heard and denied, and the case is before us on his exception to such denial and other exceptions to certain rulings and incidents during the trial. The only exceptions briefed and argued are to the refusal of the trial justice to strike out certain testimony, to his refusal to pass the case because of remarks made by the prosecutor in arguing to the jury, and to his

denial of defendant's motion for a new trial. All his other exceptions not briefed or argued are deemed to be waived.

It appears from the evidence that at about 4:40 a.m. on July 7, 1956 the defendant was seen operating a car in a southerly direction on Allens avenue in the city of Providence by Sergeant William J. Dorgan, Jr. and Patrolman Donald Lawton of the Providence Police Department. The car of defendant had just struck a gasoline station building and the operator of the automobile failed to stop at the warning of Sergeant Dorgan. Instead the defendant, who had three companions with him, sped out into Allens avenue. The police sergeant thereupon gave chase in his own car. He was joined by Patrolman Lawton who, having observed defendant's car being driven southerly along Allens avenue in a zig-zag manner followed by a police car with its red light on, also gave chase in his own police car. Both policemen sounded the sirens on their cars as they pursued the fleeing car.

The chase, which continued for about two miles, ended after defendant turned into a dead-end street. Sergeant Dorgan and Patrolman Lawton testified that he was under the influence of alcohol when they apprehended him. The sergeant also testified that he told defendant he was going to have him brought to the police station where he would be examined by a police surgeon as to his fitness to operate a motor vehicle and that he had a right under the law to call a doctor of his own choice at his own expense. Patrolman Lawton testified that he was present when the sergeant warned defendant of his rights and that defendant did not say whether or not he wanted to call a doctor.

The sergeant thereupon called for a police cruiser and defendant was taken to the police station. From the police report, which was introduced in evidence with defendant's approval, it appears that defendant arrived at the police station at 5:05 a.m. and that he was again notified of his rights by Sergeant Donald K. Knight. The police report

further discloses that the police surgeon was called at 5:15 a.m.; that he responded at 5:55 a.m.; that he commenced the examination of defendant at 6:00 a.m.; and that he concluded such examination at 6:20 a.m. at which time he pronounced defendant under the influence of intoxicating liquor and unfit to operate a motor vehicle upon a public highway. The police report further states that at 6:22 a.m. the defendant "was given the right" to call his own doctor; that two of the doctors he called refused to come; and that he called another doctor but was unable to reach him.

The uncontradicted testimony is that defendant did not request the use of a telephone from 4:45 a.m., when he was arrested, until 6:22 a.m. when he made his first call to a doctor and, further, that no charge was placed against him until he was examined by the police doctor and after he had tried to get his own doctor.

During cross-examination Sergeant Dorgan testified that when he arrived at the police station the police doctor was in the process of examining defendant; that defendant was told he had the right to call a doctor of his own choice at his own expense; that he did not exercise that right until after he was examined by the police surgeon; and that he then said he wanted a doctor and he was allowed to call three doctors. He was then asked: "How do you know whether or not this man requested or was given the right to use the telephone before you got there?" The sergeant replied that he had been told that defendant had not requested it.

The defendant's counsel thereupon moved that all of Sergeant Dorgan's testimony "in that regard" be stricken as hearsay. A colloquy then took place between the trial justice and defendant's counsel in which said counsel agreed that the sergeant's testimony that he had warned defendant of his rights at the scene of the arrest and that he was present when defendant made the telephone calls to the doctors should not be stricken. The defendant's counsel also stated

that he was satisfied with the warning given by the trial justice to the jury concerning any statements about what occurred at the police station while Sergeant Dorgan was not present.

The defendant thereupon moved that the portion of the sergeant's testimony "in regard to this defendant's not requesting to call a doctor of his own choice" be stricken on the ground that it was hearsay. The trial justice denied the motion on the ground that defendant had let in without objection a copy of the police report as evidence and that such police report contained "a lot of statements concerning what transpired between the defendant and police officers when this witness was not present." The denial of this motion is the basis of defendant's first exception.

The defendant contends that Sergeant Dorgan's testimony that he had been told defendant was apprised of his right to call a physician is hearsay and that defendant was prejudiced by the trial justice's refusal to strike such testimony. We cannot agree with the defendant's position on this point. Admitting that the testimony is hearsay, it does not follow that the refusal of the trial justice to strike it prejudiced defendant in any manner. In the first place defendant's counsel stated that he was satisfied with the trial justice's instructions to the jury to disregard such testimony. Secondly, the testimony of Sergeant Dorgan that he notified defendant of his rights at the scene of the arrest, that he would have taken him any place to make a telephone call, and that defendant made no attempt to exercise such right stands uncontradicted. It is therefore our opinion that defendant was not prejudiced by the alleged error. Exception 1 is overruled.

During the course of his argument to the jury the prosecutor stated: "Now, there is nothing, there is no testimony that was presented on that stand to deny anything that Sergeant Dorgan testified to, there is no testimony to contradict Officer Lawton." At the conclusion of the prosecu-

tor's argument defendant's counsel objected to such state-
ment and moved that the case be taken from the jury and
passed. The trial justice's denial of such motion is the basis
of defendant's exception 4.

The defendant contends in substance that these remarks
prejudiced the right of defendant to a fair trial in that they
tended to implant in the minds of the jury the belief that
the failure of defendant to testify and personally deny or
contradict the evidence presented by the state constituted
an admission of guilt.

We have carefully considered such contention in the light
of the entire record. It is well established that when, in a
criminal case, a defendant stands on a plea of not guilty
he is under no duty to present any evidence in his defense,
and he has the right to rest on the presumption that he is
innocent until proved guilty. *State v. Chavis*, 83 R. I. 360,
116 A.2d 453. In *State v. Peters*, 82 R. I. 292, in discussing
an analogous issue this court stated at page 299: "However
strong the evidence against a defendant may be, our duty
in considering the question raised by the exception under
discussion is to determine only whether or not the defend-
ant here has had the fair and impartial trial to which he
was clearly entitled. Since no prompt and adequate action
was taken by the trial justice in an attempt to disabuse
the jury's minds of the prejudicial effect of the challenged
statement, we cannot say with assurance from the record
presently before us that the defendant had such a trial."

In the instant case the trial justice, in referring to the
fact that defendant had not testified, instructed the jury
on the law relating thereto as follows: "The defendant has
not testified. He does not have to testify and the fact that
he did not testify should not be used for or against him.
You should draw no inference as to his guilt or innocence
from the fact that he didn't testify. The burden is on the
State to prove beyond a reasonable doubt each and every
allegation of this crime, part of the crime. The defendant

has no burden to prove anything. The burden of proof is on the State at the beginning and remains throughout. The burden is to prove beyond a reasonable doubt."

We cannot say that the challenged remarks of the prosecutor had the prejudicial effect claimed by defendant. However, on the assumption that they could have had such effect, we are convinced that the trial justice, by his instructions above mentioned, cured such alleged error, and therefore it is our opinion that in the peculiar circumstances of this case the language complained of was not prejudicial error. See *State* v. *Peters, supra,* at pages 298 and 299. Exception 4 is overruled.

The defendant's exception to the denial of his motion for a new trial is based on the usual grounds that the verdict is against the law, the evidence and the weight thereof. The defendant also alleged that the verdict resulted from passion and prejudice by the jury against him; that it fails to do substantial justice; and that it did not respond to the real merits of the controversy. In denying such motion the trial justice stated that the evidence of guilt was overwhelming and that he did not know how the jury could arrive at any other conclusion.

The only point briefed and argued by the defendant under this exception is that the evidence is so weak and of such a character that it cannot support a verdict of guilty. After carefully examining the entire record, the pertinent portions of which we have referred to elsewhere in this opinion, we are convinced that implicit in the jury's verdict, based on the uncontradicted evidence of the state, is a finding that the state had proved beyond a reasonable doubt that the defendant was operating a motor vehicle upon a highway of the city of Providence while under the influence of intoxicating liquor; that immediately after his arrest he was informed by the arresting officer of his right to be examined at his own expense by a physician selected by him; and that he was afforded a reasonable opportunity

to exercise such right. After careful consideration of all the grounds urged by the defendant we cannot say that in the circumstances the trial justice was clearly wrong in denying the defendant's motion for a new trial. This exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers*, Attorney General, *John F. O'Connell*, Special Counsel, for the State.

*Anthony Grilli*, for defendant.

