317 A.2d 445.

STATE *vs.* CHARLES J. SHERMAN.

APRIL 12, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. In this indictment the defendant, Charles

J. Sherman, was charged with indecent assault and battery on a child under the age of 13 years in violation of G. L. 1956 (1969 Reenactment) §11-37-6.[1] The defendant was tried to a justice of the Superior Court sitting with a jury and was found guilty as charged. The court imposed a three-year suspended sentence and placed him on probation for two years, the probation to commence at the expiration of a six-year sentence previously imposed for his being in violation of a deferred sentence for breaking and entering. The defendant is prosecuting a bill of exceptions in this court.

The record reveals that in September of 1969 defendant was living with his aunt and her four children. On the evening of September 19, defendant was babysitting while his aunt was out. At about 11 p.m. on that evening, defendant entered the bedroom where three of the children were sleeping and took indecent liberties with one of the children, who we will refer to as "Jane Doe" and who was nine years old at the time. Three days later defendant was arrested and brought to the Providence police station. There he was informed of his rights as mandated by *Miranda* v. *Arizona*, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The defendant signed a confession admitting that he had taken indecent liberties with Jane Doe.[2]

At trial, after voir dire, the confession was admitted into

---

[1] General Laws 1956 (1969 Reenactment) §11-37-6 provides:

"Indecent assault on child.—Every person who shall commit an indecent assault and battery on a child under the age of thirteen (13) years shall upon conviction be sentenced to a term not exceeding five (5) years."

[2] When the defendant was informed of his rights under *Miranda* v. *Arizona,* 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), at the police station, he had not been informed of the offense with which he was being charged. Whether in such circumstances the *Miranda* warnings were validly given defendant is a question which we do not pursue further because of our conclusion that reversible error inhered in the remarks of the prosecutor in summing up for the jury.

evidence over objection by defendant. Jane Doe, who was then 12 years old, testified, in substance, that an indecent assault had been committed on her by defendant on the night he was babysitting. Her testimony generally corroborated the confession signed by defendant.

The defendant refused to be represented by an attorney and conducted his own defense. The trial justice, however, requested a representative of the Public Defender's office to sit with him and assist him during trial. The defendant chose to exercise his fifth amendment right not to testify in his own defense.

The only exception with which we need to be concerned in this bill is a certain remark made by the prosecutor during his closing argument to the jury. During argument the prosecutor stated: "Might I point out, Ladies and Gentlemen, that the actual fact of the assault has never been denied * * *." The defendant's objection to this remark was overruled by the trial justice, and his exception was noted. Thereafter, the prosecutor concluded his argument to the jury, the record not disclosing the time necessary to so do.

At the close of such summation by the prosecutor, the trial justice gave the following cautionary instruction to the jury: "Mr. Foreman and Ladies and Gentlemen of the jury, because of my reluctance to interrupt Mr. Thovmasian during his argument, I did not interject, but I do feel it is important to point out here that a statement was made that there was evidence here of an assault, and I think the words were 'to which there was no denial.' It may leave the thought in your mind that the Defendant is obliged to deny that he committed any acts. I recall again to you that this Defendant is presumed to be innocent and that he has a right not to incriminate himself, he has a right not to take the witness stand. If you will recall, I said to you before you were impaneled that a defendant who is charged

80

in a criminal matter need say nothing with respect to that charge and, of course, this implies he doesn't have to deny anything. I want to make certain you understand that because it was said to you in argument and there is no requirement on the part of the Defendant to do anything."

On the following day the trial justice charged the jury before they retired to begin their deliberations. In so doing he again made reference to the remark made during the prosecutor's closing argument the day before and noted that he had already spoken to the jury concerning the absence of any obligation for a defendant to testify in his own behalf. At this time he said that defendant, "* * * having the presumption of innocence, is not required to testify in his own behalf. He is not required to adduce any evidence, he is not required to produce any evidence, and the fact that he has not done so in this case will not permit you to draw any inferences at all. * * * If we say a person need not take the witness stand, we can't have in the back of our minds, 'If you don't take the witness stand, you don't help yourself', the defendant doesn't have to help himself. When the State brings a charge, the State must prove it. I want you to have that firmly in mind. Forget the fact that the defendant didn't testify, it has nothing to do with this case."

Obviously, the trial justice was seeking both in his cautionary instruction and in his general charge to offset any error that might have resulted from the remark made by the prosecutor. The question confronting us, then, is whether either the cautionary instruction or the general charge was sufficient to negate any prejudice arising out of the prosecutor's remark and thereby insure to defendant the benefit of the presumption of innocence.

In the first place, the fifth amendment, which is applicable to the states through the due process clause of the fourteenth amendment, *Malloy* v. *Hogan,* 378 U. S. 1, 84

S.Ct. 1489, 12 L.Ed.2d 653 (1964), has been held to prohibit a prosecutor or a judge from commenting adversely on the failure of an accused to testify in his own defense. *Griffin* v. *California*, 380 U. S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). This prohibition of adverse comment implements and reinforces the fifth amendment's privilege against self-incrimination. Without it the guarantee that an accused shall not be compelled to be a witness against himself would indeed be an empty one.

In this case we have no doubt that the prosecutor's remark that the "actual fact of the assault has never been denied" was a comment on defendant's failure to testify in his own defense, even though the prosecutor did not explicitly refer to defendant. This is so because defendant was the only person who was in a position to rebut the evidence offered by the prosecution.[3] *See Desmond* v. *United States*, 345 F.2d 225 (1st Cir. 1965); *White* v. *United States*, 248 A.2d 825 (D.C. App. 1969); *State* v. *Dymond*, 110 N. H. 228, 265 A.2d 9 (1970); Annot., 14 A.L.R.3d 723, 730 (1967); *see also* Vess, *Walking a Tightrope: A Survey of Limitations on the Prosecutor's Closing Argument*, 64 J. Crim. L. & Criminology 22, 37 (1973).

While we concede the good faith of the effort of the trial justice to offset the prejudice resulting from the prosecutor's statement, we find inescapable the conclusion that neither the cautionary instruction nor the general charge was sufficient to accomplish that purpose. The remark made by the prosecutor clearly in its context did violence to defendant's constitutional right to refrain from testifying in his own defense and negated the presumption of innocence to which he was entitled. If such error is to be cured, it is essential that a cautionary instruction be given immedi-

---

[3]The record indicates that although Jane Doe's two sisters were in the bedroom when the indecent assault allegedly occurred, they were asleep in another bed.

ately in order that the seed planted by the remark will not be given time to germinate. In addition to immediacy, adequacy is required. The cautionary instruction must be such that the jury is informed in language understandable by the ordinary, reasonable man that the defendant has a constitutional right to be free from compulsion of any kind, physical or mental, to testify in his own defense.

The timeliness of the cautionary instruction, standing alone, is not sufficient to cure the error. The cautionary instruction will be lacking in the required adequacy to accomplish such result unless it clearly informs the jury that they may not draw any inference or reach any presumption concerning the guilt of the defendant because he did not testify in his own defense. The mere reference to the defendant's constitutional right not to testify is not enough. In our opinion, to be adequate, a cautionary instruction must clearly disclose the thrust of the obligation of the jury to refrain from drawing any inference from such a failure to testify, and impress upon them that, should they do so, they would, in effect, deprive the defendant of his constitutional right to a fair trial and violate their oath as jurors. See United States v. Flannery, 451 F.2d 880 (1st Cir. 1971).

The timeliness of the cautionary instruction in this case might be conceded, although it was not given until after the prosecutor had concluded his summation. However, we cannot concede that the cautionary instruction was sufficient to disclose to the jury the compulsory nature of its obligation to refrain from drawing any inference from defendant's failure to testify. We think that the ultimate requirement in a cautionary instruction, to make it effective, is that it be adequate to clearly impress upon the minds of the jurors that they are precluded by their oath from drawing from a failure to testify any inference tending to establish the guilt of the defendant.

It is true that in the charge that was given the jury the

day after the remark was made by the prosecutor, the trial justice did refer to the jury's obligation to refrain from drawing any inference from defendant's failure to testify. However, even if we were to conclude that that reference was adequate to impress upon the jury the prohibition of such inferential activity, it is clear that the portion of the charge so given was lacking in the immediacy which, in our opinion, is necessary to make such an instruction effective.

The state urges this court to deny defendant's appeal because defendant has failed to show that the remark made by the prosecutor was prejudicial. In so urging, the state refers this court to *State* v. *Peters*, 82 R. I. 292, 107 A.2d 428 (1954), and *State* v. *Kozukonis*, 100 R. I. 298, 214 A.2d 893 (1965).[4] However, the decision of *Chapman* v. *California*, 386 U. S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), makes it clear that when there has been constitutional error at trial, the state has the burden of proving that such error was harmless beyond a reasonable doubt. *Chapman* requires "* * * the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.* at 24, 87 S.Ct. at 828, 17 L.Ed.2d at 710.[5] This the state has not done.

---

[4]*State* v. *Kozukonis*, 100 R. I. 298, 214 A.2d 893 (1965), emphasizes the necessity for immediacy in the curative charge but is factually distinguishable from the instant case.

[5]Prior to *Griffin* v. *California*, 380 U. S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), such remarks were not considered a violation of any constitutional right other than the right to a fair trial. *See State* v. *Lacy*, 87 R. I. 134, 138 A.2d 827 (1958). In *Lacy* this court followed the approach taken in *State* v. *Peters*, 82 R. I. 292, 107 A.2d 428 (1954), that a defendant must show that improper statements made by the prosecutor were prejudicial to his defense. However, under *Griffin* any comment by a prosecutor upon a defendant's failure to testify in his defense will merit a reversal unless such comment is found to be harmless error.

In these circumstances we hold that the attempted curative instruction was neither timely nor adequate, and the state has not persuaded us beyond a reasonable doubt that the error thus resulting from the remark of the prosecutor did not contribute to the conviction of the defendant. We find, therefore, that the error was prejudicial and that the exception of the defendant must be sustained.

The exception of the defendant is sustained, the judgment is reversed, and the cause is remanded to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Joseph M. Hall,* Asst. Public Defender, for defendant.