404 A.2d 69.

STATE *vs.* BRADFORD L. HOYLE.

JULY 25, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J.  On July 6, 1974, the prosecutrix, then 16 years old, and the defendant, Bradford L. Hoyle, attended an out-door rock concert at the Stepping Stone Ranch. The prosecutrix testified that she was accosted by the defendant while walking unescorted at the concert ground and that he forced her to accompany him to an isolated area about one-half a mile from the concert stage where he bound her hands with his belt and forcibly had sexual intercourse with her. The defendant asserted that the girl had been under the influence of drugs and that he had forced her to accompany him only to prevent her from harming herself. He denied, however, that he had engaged in intercourse with her. A Superior Court jury believed the prosecutrix's story and returned a guilty verdict against the defendant on each count of the two-count indictment that charged kidnapping and rape. Following the denial of his motion for a new trial, the defendant was sentenced to serve a term of 10 years on each

count, the sentences to run concurrently. The case is now here on the defendant's appeal. He contends that he is entitled to a new trial not only because the trial justice erroneously denied three motions he made to declare a mistrial and pass the case, but also because the trial justice compounded that error by failing to give appropriate cautionary instructions to the jury.

The first motion to pass was made when the prosecutrix, who was sitting in the spectator's section of the courtroom, began to cry while her mother was being cross-examined by defense counsel; the second came on the following day when, after the completion of the mother's testimony, the prosecutrix, who on the previous day had been removed from the courtroom following the crying incident, was allowed to return and remain in the courtroom; the third and final motion to pass was made when the state's attorney, while cross-examining defendant regarding the dilation of the prosecutrix's pupils, replied to defendant's disclaimer of professional expertise with the comment, "You may have your opportunity [to be sent to school], Mr. Hoyle." Each motion to pass was denied and in each instance the trial justice stated that in his final charge to the jury he would include appropriate cautionary instructions concerning the challenged conduct and comment.

We have frequently discussed the guiding legal principles for motions to pass that are occasioned by the intentional or accidental injection into a jury trial of extraneous matters of an allegedly harmful nature. Perhaps the most recent summary of those principles is found in *State* v. *Marrapese*, 116 R.I. 1, 351 A.2d 95 (1976), where we said with reference to improvident remarks:

> "Motions to pass a case and declare a mistrial are matters within the discretion of the trial justice. He or she has a 'front-row seat' at the trial and is therefore best able to gauge the effect of the improvident remarks heard by a jury. *State* v. *Pailin*, 114 R.I. 725, 729, 339 A.2d 253, 255 (1975). When matters of a harmful

nature are improperly brought before a jury, either intentionally or inadvertently, the trial justice, in response to a complaint being made, must assess the potential prejudicial impact of the challenged material. A decision must be made. If the prejudice is inexpiable, the motion to pass should be granted. If the prejudice can be cured, the instructions which follow must be timely and effective. *State* v. *Sherman,* 113 R.I. 77, 82, 317 A.2d 445, 448 (1974). There is no fixed formula to determine whether the prejudicial taint has been removed. Each case must be decided on an *ad hoc* basis and each challenged remark must be viewed in the context in which it appeared and in light of the attendant circumstances. *State* v. *Bowden,* 113 R.I. 649, 654, 324 A.2d 631, 635 (1974). A mistrial will be ordered at the appellate level only if we are convinced that the cautionary instructions were untimely or ineffective, or if the improper material had been so indelibly etched in the jurors' minds that, despite his timely action, the trial justice did not disabuse the jurors' minds of the prejudicial effect. *State* v. *Sfameni,* 115 R.I. 18, 22, 339 A.2d 744-45 (1975); *State* v. *Costa,* 111 R.I. 602, 609-10, 306 A.2d 36, 40 (1973); *State* v. *Mancini,* 108 R.I. 261, 273-74, 274 A.2d 742, 748-49 (1971)." 116 R.I. at 7, 351 A.2d at 98.

Like principles control if the conduct complained of is a display of emotion or other objectionable conduct rather than an improper remark. *See State* v. *Benoit,* 117 R.I. 69, 79, 363 A.2d 207, 213 (1976).

In this case, our ad hoc evaluation of each of the incidents giving rise to the motions to pass makes it clear to us beyond question that none of them, even on the doubtful assumption that any one of them could have inflamed and aroused the passions of the jurors to the point at which defendant would have been unduly prejudiced, was so egregious that a proper cautionary instruction could not have cured the prejudicial effect.

Thus, although defendant argues that the prosecutrix's weeping at the sight of her mother testifying could have evoked jury sympathy resulting in undue prejudice to him, the record reveals that the trial justice did not notice the sobbing until it had been brought to his attention by defense counsel at a bench conference out of hearing of the jury. He then observed that the tears were not profuse or the crying loud or uncontrollable. In any event, the prosecutrix left the courtroom promptly when the trial justice asked the prosecutor to request her to do so.

On the next day of trial, over defendant's objection, the trial justice allowed the prosecutrix to return to the courtroom, stating that her actions had not been sufficiently unruly or demonstrative to justify ejecting her. He also relied on the prosecutor's assurances that he had reprimanded the girl and that the crying episode would not be repeated. Although the trial justice said that he would order her to leave the courtroom if she thereafter became excessively demonstrative, that action was not required.

Finally, even if the prosecutor's school comment was improper—and in oral argument before us he conceded that it was—we cannot say that such an offhand remark, viewed in the context of a cross-examination marked by some flippancy on the part of defendant, required that the case be passed. We conclude, therefore, that the trial justice did not abuse his discretion in declining to pass the case. The challenged incidents were not so flagrantly improper that the jurors' minds could not have been disabused of them by appropriate cautionary instructions. *See State* v. *Marrapese,* 116 R.I. at 7, 351 A.2d at 98.

Recognizing that we might not share his views about whether the case should have been passed, defendant argues alternatively that a cautionary instruction should have been given immediately following the denial of each of his motions to pass. It is, of course, true that under our rule it is ordinarily "essential that a cautionary instruction be given immediately in order that the seed planted by the remark [or

conduct] will not be given time to germinate." *State* v. *Sherman*, 113, R.I. 77, 81-82, 317 A.2d 445, 448 (1974). In some instances, however, an immediate instruction may tend to highlight, rather than minimize, the harmful effect on the jurors and thereby exacerbate rather than dissipate the prejudice. Defense counsel expressed that fear to the trial justice with respect to the first two motions and that concern may well be the reason why defendant did not request immediate cautionary instructions in those instances as well as in the third instance, choosing instead to rely on the trial justice's representations that proper cautionary instructions would be included in his final charge to the jury. In the circumstances, he cannot now assign as errors that the cautionary instructions were not given immediately following the denial of the motions. *See State* v. *Mancini*, 108 R.I. 261, 273, 274 A.2d 742, 748 (1971).

The defendant's last contention is that the cautionary instructions that were included in the final charge to the jurors were insufficient to banish from their minds the prejudice asserted by defendant. We do not reach that issue because Super R. Crim. P. 30[1] bars a defendant from assigning as error the giving of an erroneous instruction or the failure to give a requested instruction unless objection has been lodged on the record before the jury retires to consider its verdict and unless the objection is sufficiently specific to bring into focus the precise nature of the alleged error. *State* v. *Marrapese*, 116 R.I. at 12, 351 A.2d at 100. In this case,

---

[1]Super. R. Crim. P. 30 provides:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the laws as set forth in the request. At the same time copies of such request shall be furnished to adverse parties. If a defendant relies upon an affirmative defense, or justification, or matter in mitigation and wishes the court to instruct the jury with respect to such, he shall so advise the court in writing no later than at the close of the evidence. *No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Objections shall be made out of the presence of the jury.*" (Emphasis added.)

the defendant neither requested a specific charge nor objected to either the trial justice's having said something he should not have said, or his having failed to say something he should have said. Consequently, the contention that the cautionary instructions were inadequate presents nothing for us to review.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Dennis J. Roberts II*, Attorney General, *Stephen R. Famiglietti*, Special Assistant Attorney General, for plaintiff.

*Joseph DeCaporale*, Office of the Public Defender, for defendant.