RHODE ISLAND GRAND JURY

v.

John DOE.

No. 93–674–M.P.

Supreme Court of Rhode Island.

May 20, 1994.

Joseph A. Kelly, Keith B. Kyle, Carroll, Kelly & Murphy, Providence, for plaintiff.

Jeffrey Pine, Atty. Gen., J. Richard Ratcliffe, Aaron Weisman, Asst. Attys. Gen., for defendant.

## OPINION

WEISBERGER, Acting Chief Justice.

This case comes before us on a petition for certiorari filed by John Doe in order to review an order entered by the Presiding Justice of the Superior Court. The order required that John Doe produce before the grand jury certain books and records pertaining to his administration of a governmental entity that he served as chief executive.

After granting the writ of certiorari, reviewing the record in the case, and hearing oral argument on April 8, 1994, this court issued an order dated April 14, 1994, 639 A.2d 986. This order read as follows:

"1. For reasons that will be set forth in an opinion to be issued at a later date, the order issued by the Presiding Justice of the Superior Court dated December 10, 1993, is hereby affirmed.

"2. For purposes of implementing said order, this court holds that the privilege against self-incrimination set forth in article 1, section 13, of the Constitution of the State of Rhode Island shall be construed as coextensive with the privilege against self-incrimination contained in the Fifth Amendment to the Constitution of the United States as construed in *Braswell v. United States*, 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988).

"3. Insofar as John Doe may claim that certain of the items which he is required to produce pursuant to the subpoena are personal as opposed to being subject to production in his representative capacity as

records of a governmental entity, the Superior Court may conduct an in camera review to determine which records are personal records. *See In re Sealed Case (Government Records),* 950 F.2d 736 (D.C.Cir.1991)."

This opinion sets forth the reasons upon which the foregoing order was based.

In the briefs filed and in his oral argument, John Doe conceded that as the representative of a collective entity, he could not assert a personal privilege against self-incrimination pursuant to the Fifth Amendment to the Constitution of the United States in respect to producing the records of such collective entity. *Braswell v. United States,* 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988); *In re Sealed Case (Government Records),* 950 F.2d 736 (D.C.Cir.1991). Essentially John Doe's argument to this court was based upon the proposition that he was entitled to more protection under article 1, section 13, of the Constitution of the State of Rhode Island than under the counterpart privilege set forth in the Fifth Amendment to the Constitution of the United States.

However, this court has previously considered such an argument in *State v. Bertram,* 591 A.2d 14 (R.I.1991), and reached a result contrary to that urged by John Doe. In that case we recognized that states may, in applying provisions of their constitutions, afford their citizens greater protection and security than are provided under the United States Constitution. We reaffirm that proposition pursuant to *Oregon v. Hass,* 420 U.S. 714, 719, 95 S.Ct. 1215, 1219, 43 L.Ed.2d 570, 575 (1975); *Cooper v. California,* 386 U.S. 58, 62, 87 S.Ct. 788, 791, 17 L.Ed.2d 730, 734 and have granted additional protection in certain areas. *See, e.g., Pimental v. Department of Transportation,* 561 A.2d 1348 (R.I.1989); *State v. von Bulow,* 475 A.2d 995 (R.I.1984); *State v. Benoit,* 417 A.2d 895 (R.I.1980).

Nevertheless, in *Bertram,* 591 A.2d at 21, we noted:

"An examination of Rhode Island case law, however, reveals that this court has seldom, if ever, afforded criminal or civil defendants greater protection under article 1, section 13, of our State Constitution than

has been afforded to criminal or civil defendants under the Fifth Amendment to the United States Constitution.

"Protections under article 1, section 13, of the Rhode Island Constitution have uniformly been interpreted as tantamount to those available under the Federal Constitution in matters relating to, for example, *Miranda* rights and waiver of those rights, the right against self-incrimination in civil trials, and a prosecutor's or judge's inability to comment adversely on a criminal defendant's failure to testify. *See, e.g., State v. Malone,* 568 A.2d 1378 (R.I.1990); *State v. Ferola,* 518 A.2d 1339 (R.I.1986); *Pulawski v. Pulawski,* 463 A.2d 151 (R.I. 1983); *State v. Fontaine,* 113 R.I. 557, 323 A.2d 571 (1974); *State v. Sherman,* 113 R.I. 77, 317 A.2d 445 (1974)."

The collective-entity doctrine is well supported by persuasive opinions issued by the Supreme Court of the United States over a period of nearly ninety years. *Hale v. Henkel,* 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906), held that a corporation had no privilege against self-incrimination. This case was followed by *Wilson v. United States,* 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911), which held that a corporation's president could not resist a subpoena demanding corporate records on the ground that these records might tend to incriminate him. This same principle was applied in *United States v. White,* 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944), to a union official who sought to resist a subpoena to produce documents of an unincorporated labor organization on self-incrimination grounds. In more recent years the collective-entity doctrine has been applied to a small law partnership, *Bellis v. United States,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974), and most recently to a corporate president who held all of the stock of two corporations, *Braswell v. United States, supra.*

■ The persuasiveness of the rationale behind the foregoing opinions of the Supreme Court, as well as our prior determination in *State v. Bertram, supra,* leads us to the conclusion that we should continue to interpret article 1, section 13, of the Rhode

Island Constitution as coextensive with the protections guaranteed by the Fifth Amendment to the Constitution of the United States.

 As the representative of a governmental agency, John Doe may not resist responding to the subpoena on self-incrimination grounds insofar as the subpoena demands production of records of the governmental entity. *In re Sealed Case (Government Records)*, 950 F.2d 736 (D.C.Cir.1991). As set forth in *Braswell*, the prosecution can make no evidentiary use of the fact that John Doe has produced the records. The production of the records must be regarded as the act of the governmental entity. However, the prosecution has the right to use the entity's act of production against the custodian. *Braswell*, 487 U.S. at 118, 108 S.Ct. at 2295, 101 L.Ed.2d at 114.

For the reasons stated, the petition for certiorari is denied, the writ heretofore issued is quashed, and the papers in the case may be remanded to the Superior Court with our decision endorsed thereon.