Justice Robinson, dissenting.
 

 Although I acknowledge that this is a reasonably close case, I nevertheless feel obliged to respectfully dissent.
 

 First, I disagree with the majority's conclusion that "the prosecutor's statement, taken in context, did not violate defendant's Fifth Amendment rights." In my view, the prosecutor's "[a]nd not from him" comment during her closing argument certainly could have been construed by one or more jurors as a comment on the defendant's Fifth Amendment right not to testify because that comment was of such a character that it could "clearly call[ ] to the jury's mind the fact that [defendant] failed to testify."
 
 State v. Andrews
 
 ,
 
 120 R.I. 771
 
 , 775,
 
 390 A.2d 926
 
 , 929 (1978) (quoting
 
 United States v. Flannery
 
 ,
 
 451 F.2d 880
 
 , 881-82 (1st Cir. 1971) ).
 

 The very first words of the prosecutor's closing argument were as follows:
 

 "Let's clear up one thing. There's not a shred of evidence in this case, not a shred before you, to suggest that this was consensual sex. Not from [Alicia]. Certainly not from [Lauren].
 
 And not from him
 
 ." (Emphasis added.)
 

 It is my considered opinion that this comment about the state of the evidence could have prompted one or more jurors reasonably to conclude that defendant's decision not to testify should be held against him. It should be recalled that both Alicia and Lauren had testified at length during the trial, whereas defendant did not testify at all. Given this context, the inference that a reasonable juror could draw from the prosecutor's comment ("[a]nd not from him") was that defendant had defaulted on some duty to prove his innocence by testifying. Such an inference (which, I repeat, would have been a reasonable one) would have clashed with defendant's constitutionally guaranteed right not to testify. Viewed in this perspective, a jury composed of ordinarily intelligent lay persons could reasonably understand the prosecutor's comment to be "a comment on the failure of the accused to testify."
 
 State v. Fontaine
 
 ,
 
 113 R.I. 557
 
 , 563,
 
 323 A.2d 571
 
 , 574 (1974).
 

 It is further unsettling to me that only the trial justice, and not the jury, ever heard the prosecutor's explanation for the above-quoted comment about the evidence. After defense counsel objected to the prosecutor's comment and the jury exited the courtroom, the prosecutor explained to the trial justice that her remark had not been meant to allude to the fact of defendant's having chosen not to testify, but rather was just a comment on the shifting nature of the defense's theory of the case-
 
 viz.
 
 , the evolution from a denial that defendant and Alicia had had any sexual encounter to a later acknowledgment that there had been an encounter but an assertion that it was consensual. The prosecutor further explained to the trial justice that the comment at issue was intended by her to be a reference to what (according to Alicia) defendant had said to Alicia
 
 on the morning of August 18, 2012
 
 , when she accused him of having sexually assaulted her. In his response to that accusation, defendant (again according to Alicia) never said that there had been consensual sex between them, but rather he simply told Alicia that she was "bugging" and that "[n]othing happened." The prosecutor represented
 that her comment was not directed at defendant's choice not to testify. Notably, however, the jury never heard the explanation of the prosecutor concerning her ambiguous
 
 [1]
 
 but potentially constitutionally improper comment. Rather, after the trial justice heard counsel's explanation and reserved his decision on defendant's motion for a mistrial, the jurors re-entered the courtroom, and the prosecutor simply continued her closing argument. No curative instruction was given by the trial justice before that argument resumed.
 

 Accordingly, because I believe that the quoted phrases from the prosecutor's closing argument could rationally be understood by a jury to constitute an impermissible comment on defendant's decision not to testify, it is my opinion that it was incumbent upon the trial justice to provide an
 
 immediate
 
 and adequate curative instruction.
 
 See
 

 State v. Sherman
 
 ,
 
 113 R.I. 77
 
 , 81-82,
 
 317 A.2d 445
 
 , 448 (1974).
 

 While I acknowledge that the trial justice made a laudable effort to mitigate the potential prejudice inherent in the prosecutor's comment when he gave his general instructions, it is my view that, because no curative instruction
 
 immediately
 
 followed the prosecutor's comment, the trial justice's later instruction as to defendant's right not to testify was insufficient to cure that potential prejudice. It is my understanding that our case law requires that the problematic nature of such comment can be cured only by the issuance of an
 
 immediate
 
 curative instruction.
 
 See
 
 id.
 

 ("If such error is to be cured, it is essential that a cautionary instruction be given immediately in order that the seed planted by the remark will not be given time to germinate.").
 
 [2]
 

 Here, the record reveals that
 
 thirty-two transcript pages
 
 separate the prosecutor's improper comment from the portion of the trial justice's general jury instructions which addressed the presumption of innocence and defendant's constitutionally guaranteed right not to testify. Thus, while it is difficult to determine from the record precisely how much time elapsed between the making of the comment at issue and the trial justice's instruction about defendant's right not to testify, it is clear that a substantial amount of time did elapse for there to be thirty-two transcript pages between the prosecutor's comment and the relevant jury instruction. This significant time gap leads me to conclude that the relevant portion of the general jury instructions was not sufficiently "immediate" to cure the constitutional violation in this case.
 
 See
 

 Sherman
 
 , 113 R.I. at 81-82,
 
 317 A.2d at 448
 
 . The prosecutor's comment could very well have been understood by the jurors as a reference to defendant's decision not to testify, and I believe that the trial justice, by waiting until after the prosecutor finished her closing argument to give an instruction, may very well have
 allowed a constitutionally erroneous seed about defendant's decision not to testify to germinate in the minds of one or more jurors. The admonitory language in
 
 Sherman
 
 bears repeating: "If such error is to be cured, it is
 
 essential
 
 that a cautionary instruction be given
 
 immediately
 
 in order that the seed planted by the remark will not be given time to germinate."
 
 Sherman
 
 , 113 R.I. at 81-82,
 
 317 A.2d at 448
 
 (emphasis added).
 

 I do not question the good faith of the prosecutor, and her explanation as to what she intended when making the comment at issue is certainly plausible. However, I am nonetheless of the opinion that the jury might reasonably have understood the prosecutor's comment to be a comment on the defendant's constitutionally guaranteed right not to testify; and I am of the further opinion that the trial justice's general jury instructions were insufficient to cure that constitutional violation because they were not given immediately after the comment was made. As such, I believe that the judgment of the Superior Court should be vacated and the case remanded for a new trial.
 

 Accordingly, I respectfully but unblinkingly dissent from the majority's opinion.
 

 It should go without saying that the fact that the prosecutor had to rebut one reading of her comment and represent that a different meaning was intended indicates that the comment was ambiguous and necessitated, at the very least, an immediate curative instruction.
 

 I consider the following lapidary sentences from Chief Judge Aldrich's opinion in the case of
 
 Desmond v. United States
 
 ,
 
 345 F.2d 225
 
 (1st Cir. 1965), to be very pertinent to the issue presented by this case:
 

 "If it be assumed that the government's argument constituted comment upon appellant's failure to testify, was it cured by the charge? We think not. Correction of error should be as prompt and timely as possible-particularly where the error involves the infringement of a constitutional right, as this did.
 
 Griffin v. State of California
 
 , [
 
 380 U.S. 609
 
 ,
 
 85 S.Ct. 1229
 
 ,
 
 14 L.Ed.2d 106
 
 (1965) ]. The appellant promptly objected. The remedy, to be fully effective, should have been administered equally promptly."
 
 Desmond
 
 ,
 
 345 F.2d at 226-27
 
 .